FILED
2018 May-03  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
# for the Northern District of Alabama
# 101 Holmes Avenue
# Huntsville, AL 35801

| | |
|---|---|
| <u>David Hawthorne</u> | ) <br> ) <br> ) <br> ) <br> ) **Department of the Army  Agency Case** <br> ) **No.ARREDSTON17MAY01829** <br> ) <br> VS.         ) **EEOC OFO Docket#: 0120172813** <br> ) <br> ) <br> ) |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br> OFFICE OF FIELD OPERATIONS <br> P.O. Box 77960 <br> Washington, D.C. 20013 <br><br> Equal Employment Opportunity Commission <br> Office of Field Operations <br><br> AND <br><br> Ryan D. McCarthy, <br> Acting Secretary <br> <u>Department of the Army,</u> <br> AGENCY | ) <br> ) <br> ) <br> ) <br> ) **Date May 2, 2018** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## I. MOTION FOR EMERGENCY INJUNCTIVE RELIEF UPPORTED BY THE  UNITED STATES SUPREME COURT RULES ENABLING ACT AND THE CIVIL RIGHTS ACT OF 1964

1.    COME NOW Plaintiff, David Hawthorne, before this Honorable Court, requesting an emergency injunction against the EEOC to STOP the EEOC from the continued abdication of its duty of care as it lets Agency defendant, in this case the Department of the Army Agency Counselors, as relates to the EEOC's regulations of 29 CFR 1614.107(a) (1) for failure to state a claim, from continuing to allow Agency Defendant/s to make judgments in dismissing a plaintiff Title VII claim for failure to state a claim.

2. The EEOC's regulations of 29 CFR 1614.107(a) (1) failure to state a claim regulation allows the Agency, who is always the defendant against a plaintiff, to dismiss a plaintiff's Title VII EEO complaint. However, the Supreme Court by way of the Rules Enabling Act, and the Civil Right s Act of 1964 (Title VII) explicitly prohibit, in their guidance, a defendant and or its facilitators, from dismissing a plaintiffs complaints, "for failure to state a claim … without a motion before an adjudicator who has oversight over the Civil Right s Act of 1964.

3. The Civil Rights Act of 1964 requires the EEOC as Adjudicators to interpret actions of failure to state a claim; EEOC administrative Judges interpret EEOC title VII actions from a defendant via motions, that is clearly drawn out in the Civil Rights Act of 1964. The United States Supreme Court, via the Rules Enabling Act list in its Federal Rules of Civil Procedure's, for Rule 12, equally require a defendant to file a motion before an Adjudicator when requesting to have a plaintiff claim and or complaint dismissed for failure to state a claim.

4. These Acts created by the United States Congress were intended to level the playing field between the defendant, who usually has unlimited resources to make a defense, and the  plaintiff, who at usually has limited resources to fight a claim …. But the EEOC regulation of 29 CFR 1614.107(a) (1) for failure to state a claim allows Agency Defendants who are facilitators to immediately become judge and jury of claims made against them,  by literally allowing the defendant to write, orchestrate and influence the outcome of their own fate,

5. This EEOC regulation of 29 CFR 1614.107(a) (1) for failure to state a claim does not, pursuant to Procedural Due Process, for the plaintiff, give the plaintiff the due process,  procedurally,  to present reasons for the proposed action of dismissing a Plaintiffs complaint relative to ARREDSTON17MAY01829 without a motion request before an adjudicator, to  not to be taken. And when Congress created the Rules Enabling Act for the Supreme Court that led to Rule 12 in the federal Rules of Civil Procedure, by direction of the Supreme court, or when Congress created the EEOC out of the Civil Rights Act of 1964 requiring them to adjudicate laws and regulations for failure to state a claim, it did not intend for the EEOC to give that right to the defendant facilitators instead of the Administrative Judges Adjudicators.

6. As will be illustrated below, the EEOC through its regulation of 29 CFR 1614.107(a) (1) allowing the federal agency defendant to dismiss claims/complaints without an adjudicator, for failure to state a claim, allows the Agency Defendant to influence, in a bias way favoring the defendant, obstruct, by influence such as editing and/or omitting a plaintiffs claims/complaints in order to then dismiss them, and impede the due and proper administration of the law as relates to the United States Supreme Court and its Rules Enabling Act illustrated in the courts Rule 12 of the Federal Rules of Civil Procedure that required a motion to be submitted for failure to state a claim Agency defenses as well as the Civil Rights Act of 1964 (Title VII) which require EEOC adjudicators to adjudicate failures to state a claim, which must be do via a motion before the Administrative Judge. Yet obstructing is exactly what the agency did using EEOC regulation of 29 CFR 1614.107(a) (1) as is illustrated below Agency case number ARREDSTON17MAY01829.

## II. FACTUAL BACKGROUND

7. The Equal Employment Opportunity Commission (EEOC) is an agency of the federal government that was created by the Civil Rights Act of 1964 (Title VII). As defined by congress in the Civil Rights Act of 1964 ***THE PURPOSE OF THE EEOC IS TO INTERPRET*** **AND ENFORCE FEDERAL LAWS PROHIBITING DISCRIMINATION**. Federal regulations relative to 29 CFR part 1614 are specific details directives and/or requirements with the force of the Title VII law that is defined by the Civil Rights Act of 1964.

8. Since the EEOC is charged by the Civil Rights Act of 1964 to interpret the law, via adjudication, then it is the EEOC's Duty of Care, unless congress changes the Civil Rights Act of 1964, to interpret laws and regulations relative to those laws through adjudication and not to interpret Title VII laws and/or regulations via facilitation, as 29 CFR 1614.107(a) (1) now allows federal defendant agency/s to do.

9. Relative to 29 CFR 1614.107(a)(1)for failure to state a claim, the commission has allowed facilitating Agency defendants, to the peril and detriment of Title VII plaintiffs, to decide the validity of a plaintiffs complaint relative to the EEOC's actionable care of the state of a plaintiffs Title VII claim/s, and in doing so the commission abdicates their duty of care for interpreting the meaning of laws and regulations relative to the Civil Rights Act of 1964 that governs and requires the commission to interpret the meaning of its Title VII laws and regulations derived from them.

### III. BASIS FOR EMERGENCY RELIEF

9.    This issue is ripe for immediate and emergency disposition base on this factual case of Defendant agency Defendant to obstruct, by influence,  such as editing or omitting a plaintiffs claims/complaints to then dismiss them in order to impede the due and proper administration of the law as relates to the United States Supreme Court and its Rules Enabling Act as illustrated in the courts Rule 12 of the Federal Rules of Civil Procedure that required a motion to be submitted for failure to state a claim defenses, and the Civil Right s Act of 1964.

10.    On 13 June 2017 for my Department of the Army Agency EEO case number of ARREDSTON17MAY01829 (that is part of a reprisal complaint for the ARREDSTON13JUL02070 complaint that is within the Federal Court now).  I had specifically claimed that Abner Merriweather, the AFGE Union President, in a reaction to my action of filing an EEO reprisal complaint and as is illustrated in exhibit 1, rescinded my appointment as Assistant Vice President of AFGE Local 1858 at Logistics Support Activity (LOGSA) … ***because I filed an EEO sexual harassment complaint against him that he admitted to in writing in a text message to me*** …

11.    It was/is equally my claim that based on a through reading of my EEO cases that the Agency Management and the Union president are colluding in the form of Quid Pro Quo, that pursuant to Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the Union president, while being paid by the Army in official duties, was making an effort to have me react to him by physically assaulting and battering him through the Heat of Passion as he continued to sexually harass me in his official Army position during his official Army duty hours off base. At the time of the incident I had 3 EEO case (one, ARREDSTON13JUL02070, before the United states Federal District Court in Northern Alabama now, and the other two, ARREDSTON15AUG04058 and ARREDSTON16JAN00877, are currently before the EEOC Commission in Birmingham Alabama) and assaulting and battering him at that time, weather I would have been right or not, would have only aided the Agency by subjecting me to an arrest and a loss of my security clearance. When I did not assault and/or battered him and instead filed a complaint against the Army on the Union president, as is acknowledge by the EEO counselor that interview him, Abner Merriweather removed me from my Union position because as he stated in exhibit 1. … That was the only reason for my removal.

12. On September 07, 2017 in the Department of the Army's Final Agency Decision (FAD) for this case ARREDSTON17MAY01829 the Agency reported in that Agency case number FAD by the EEO counselor, Chanley Packard, that he, interviewed the Union president Abner Merriweather, and recorded by record (see exhibit 1 highlighted) that *"Mr. Merriweather indicated he removed the [Appellant] as The AFGE local assistant vice president because the EEO Pre-complaint alleging sexual harassment he submitted against him.* That was the only reason for my removal … no other action but me filing an EEO complaint against the Union president for sexual harassment caused me to be removed. And by the literature in exhibit 3 from the EEOC, even if that claim was unfound, and it is not, that action of retaliation goes against the commission 42 U.S.C. 2000e-3 et seq, and the commissions regulations relative to 29 CFR 1614.101(b), it goes against the anti-retaliation case law as is illustrated by *BURLINGTON NORTHERN & SANTA FE RAILWAY CO v. WHITE 548 US 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 - Supreme Court, 2006.* Later when I speak to the EEOC OFO response that information will be important.

**IV. Below: Agency EEO Director Jennifer Thompson editing my claim, and dismissing the verbatim statement of the Union president recorded by her EEO counselor (as illustrated in exhibit 1), so that she could dismiss my claim for failure to state a claim pursuant to the EEOC regulations 29 CFR 1614.107(a)(1) for failure to state a claim.**

13. on July 17, 2017 (see exhibit 2) in the Agency EEO Director Jennifer Thompson (who In have a complaint against under Agency case number ARIMCOMHQ17SEP04181), in her FAD lied, according to her own EEO counselor that interviewed the defendant, in her statement when she stated that I claimed "On 13 June 2017, claimed that Abner Merriweather, Union President *rescinded your appointment as assistant vice president of AFGE local 1858 at logistics support activity (LOGSA)."* She mentioned nothing of me claiming sexual harassment in that same claim, and she mentioned nothing of her EEO counselor, as is illustrate in the Army Agency FAD, that the Union President told him that EEO counselor Chanley Pickard that the Union president REACTED when I filed an EEO complaint and removed me from my position because I filing an EEO complaint on him.

14. Agency EEO Director Jennifer Thompson changed the context of my claim, then changed the context of what the Union president said as was recorded to the record by her own EEO counselor

15. Then on September 07, 2017 after the Agency EEO Director Jennifer Thompson changed the context of what I wrote and what the defendant, Union president Abner Merriweather said, because the charged was filed against the Army for vicarious liability on Abner Merriweather as he was work on Army time at the time, the Department of the Army's, in its Final Agency Decision (FAD) stated that based on Agency EEO Director Jennifer Thompson statement from case law, that the Union president was acting in his representational capacity when he removed me from my position …. And so it was Also the Army's position that dismissing my complaint for 29 CFR 1614.107(a) (1) for failure to state a claim was correct.

16. This is the wolf guarding the hen house; clear case of obstruction and a clear reason why the US Supreme court does not allow the defendant to dismiss a plaintiff complaint pursuant to Rule 12 for failure to state a claim without the defendant filing a motion before the court. And also why the Civil Rights act of 1964 requires Administrative Judges to Adjudicate and not the Agency's defendants.

17. Additionally, to add to the obstruction of justice by the Agency EEO Director, Jennifer Thompson and the Department of the Army's FAD to dismiss my complaint pursuant to the EEOC regulations of 29 CFR 1614.107(a) (1) for failure to state a claim, Agency EEO Director, Jennifer Thompson listed only 3 OF THE 9 CLAIMS THAT I MADE, then arbitrarily picked the specific ONE of the 3 claims that she fragmented/truncated in order to dismiss my complaint.   And as is known from the US Supreme Court case of _BURLINGTON NORTHERN & SANTA FE RAILWAY CO v. WHITE  548 US 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 - Supreme Court, 2006_, context matters. And she dismissed my complaint under the context she defined my complaint.

**V. The gamble of the Agency on the EEOC OFO in ability to see the Agency's malicious and chicanery way to trick the EEOC OFO in supporting them based on the Agency interpretation of Plaintiff Title VII claim of Reprisal.**

18. In the EEOC OFO FAD for case EEOC OFO Docket#: 0120172813 they quoted three cases to support their position of upholding the Agency position to dismiss my complaint pursuant to the agency understanding of 29 CFR 1614.107(a)(1)for failure to state a claim … The cases are:

1.Wills v. Department of Defense, EEOC Request No. 05970596

2.Kleinman v. United States Postal Service, EEOC Request No. 05940585

3.Lingad v. United States Postal Service, EEOC Request No. 05930106

19. In each of the cases above when the plaintiff raised the EEO complaint, they had other complaint processes going on and added the EEO process when they seem not to be gaining ground on the complaints from the other processes that were not in the purview of Title VII claim.

20. My complaint, pursuant to exhibit 1, only involved the EEO process, and a claim of retaliation of being removed, as confirmed by the accused, just because I filed an EEO complaint against him. Nevertheless, the EEOC OFO stated that to me … "The EEO process is not the proper forum for Complainant to have raised this challenge. As Complainant is challenging actions directly related to his position within the union

21. This was referenced by the EEOC OFO to the truncated claim by the Agency EEO director, not by the statement as is seen in exhibit 1. The EEOC went on to say that "he must raise this claim within the union grievance process."

22. My reply to the EEOC OFO is in exhibit 4, and is filed with the EEO OFO under EEO OFO reconsideration docket Request No. 0520180324 … but pursuant to exhibit 1, I was not challenging actions directly related to my position within the union …. That is what the Agency EEO director wrote as her reasoning for dismissing my complaint for failure to state a claim, even though she knew here EEO counselor recorded otherwise. And pursuant to exhibit 3 for the EEOC public guidance, and the Supreme court Anti-retaliation provision in case law *BURLINGTON NORTHERN & SANTA FE RAILWAY CO v. WHITE  548 US 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 - Supreme Court, 2006*. Such is not allowed.

23. But the fact of the matter is … the EEOC regulation should not give the Agency the authority to dismiss a plaintiff claim and/or complaint … without filing a motion to the administrative judge, so the plaintiff can have the procedural due process of the opportunity to present reasons for the proposed action not to be taken before a neutral party like the Administrative Judge. This process, is likewise afforded by Supreme Court through federal Rule of civil Procedure as is outlined in Rule 12 …. The

defendant has to present a motion to the adjudicator, not make the decision on their own.

## VI IMMEDIATE INJUNCTIVE RELIEF IS APPROPRIATE

24.    Pursuant to the Supreme Court by way of the Rules Enabling Act through its guidance in the Federal Rules of Civil Procedure for Rule 12 on failure to state a claim requiring a motion for such a defense (a) Plaintiffs' claims have a substantial likelihood of success on the merits; (b) Irreparable harm will continue to occur unless immediate injunctive relief is granted; and (d) Injunctive relief serves the public interest.

25.    Plaintiffs' claims have a substantial likelihood of success on the merits because the statutes, Acts and legal citation cited above clearly (a) prohibit the fox from guarding the hen house, (b) prevents the accused from being their own judge and jury (c) and prohibit the accused form influencing through obstruction relative to 18 U.S.C. §1505, (such as editing or omitting a plaintiffs claims/complaints to then dismiss them) in order to impede the due and proper administration of the law as relates to the United States Supreme Court and its Rules Enabling Act as outlined in the Federal Rules of Civil Procedure illustrated in the courts Rule 12 that required a motion to be submitted for failure to state a claim defenses,(d) and the Civil Right s Act of 1964 (Title VII) which require EEOC adjudicators to adjudicate the defenses of failures to state a claim which must be done via a motion before the Administrative Judge, under which Title VII claims/complaints are being had before that federal department.

WHEREFORE, Plaintiffs respectfully request this Court to enter an injunction directing The EEOC and the Defendant, the Department of the Army, Army EEO Director immediately cease and desist from dismissing in any form, directly or indirectly, any pursuant to the EEOC's regulations of 29 CFR 1614.107(a) (1) allowing the Army to dismiss a Plaintiff EEO claim/s and/ or complaint for failure to state a claim. Plaintiffs further seek all such other relief as the Court deems just and appropriate

Respectfully,

David Hawthorne, DML
1st year law student
Juris Doctor (J.D.) candidate
Phone: 256-955-7948
david.hawthorne8.civ@mail.mil

## CERTIFICATE OF SERVICE

I certify that on May 04, 2018, the foregoing Plaintiff Motion for Injunction relief to the District court of Northern Alabama Office of Federal Operations was sent via email(s) and/or mailed to the following:

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
OFFICE OF FIELD OPERATIONS
P.O. Box 77960
ofo.eeoc@eeoc.gov

Clerk Ashley Alford
EEOC Birmingham District Office
Ridge Park Place
1130 22nd Street South Suite 2000 Birmingham,
AL 35205-2397
ashley.alford@eeoc.gov

Tish Ash, Army EEO Specialist
EEOCCR - Compliance and Intake Section
Department of the Army,
Director, EEO Compliance and Complaints
Review

ATTN: SAMR-EO-CCR, Bldg 214
5825 21st Street, Room 113
Fort Belvoir, VA 22060-5921
patricia.l.ash2.civ@mail.mil

Rufus B Caruthers, Jr CIV IMCOM HQ
Army Agency EEO Director of Directors
HQ IMCOM, Equal Employment Opportunity
Office: 2504 Gun Shed Road
JBSA Fort Sam Houston, TX 78234-1223
(210) 466-0730 / DSN (450)
rufus.b.caruthers.civ@mail.mil

Jennifer Thompson
EEO Redstone Arsenal Director
3457 Aerobee Road, Room 102
Redstone Arsenal, AL 35898
256-876-9259
jennifer.s.thompson.civ@mail.mil

Chanley Pickard
EEO Specialist
3457 Aerobee Road, Room 102

Respectfully,

David Hawthorne, DML
1st year law student
Juris Doctor (J.D.) candidate
Phone: 256-955-7948
david.hawthorne8.civ@mail.mil

| | |
|---|---|
| Redstone Arsenal, AL 35898<br>256-876-9259<br>chanley.p.pickard.civ@mail.mil<br><br>Katrisa Norwood<br>EEO Specialist<br>3457 Aerobee Road, Room 102<br>Redstone Arsenal, AL 35898<br>256-876-9259<br>katrisa.l.norwood.civ@mail.mil<br><br>Scott Hofacker<br>EEO EEO Redstone Arsenal<br>Interviewer<br>(256) 842-5113<br>scott.a.hofacker.civ@mail.mil | |

Exhibit 1

*attending happy hour in a bar. Mr. Abner Merriweather* [President, AFGE Local 1858] … *walked up to him and asked his female companion, 'You know what we call him … we call him Boo Boo.'"* Two weeks later, on June 13, 2017, The President of AFGE Local 1858 informed Appellant that, *"effective immediately,* [he was] *being removed from* [his] *appointed position of Assistant Vice President for the LOGSA employees."* See Exhibit B. That same day, the President of AFGE Local 1858 sent a separate letter to various US Army officials advising them that *"effective immediately, Mr. David Hawthorne has been removed from the position of Assistant Vice President for the LOGSA employees."* See Exhibit C.

During the informal counseling phase leading up to the formal complaint that is subject to this appeal, the EEO Counselor took a witness statement from the President of AFGE Local 1858. According to the EEO Counselor's Report, DA Form 7510, Section XIb, Mr. Merriweather admitted calling Appellant *"Boo Boo,"* but denied asking Appellant *"to cook for him."* According to the EEO Counselor's Report, *"Mr. Merriweather indicated he removed the* [Appellant] *as the AFGE Local assistant vice president because of the EEO Precomplaint alleging sexual harassment he submitted against him. He stated as the union president, he has to consult with his people and he wouldn't feel comfortable meeting with the* [Appellant] *alone since the* [Appellant] *feels Mr. Merriweather tried to talk to him sexually."* See Exhibit D.

Following his removal from union office, Appellant apparently believed that he was the victim not only of sexual harassment but also of reprisal. The EEO Counselor's Report, Section V, indicates that, *"The Aggrieved added reprisal as a basis for this complaint because after he filed this EEO complaint against Mr. Merriweather, Mr. Merriweather removed him from the position as the AFGE Local assistant vice president."* See Exhibit D.



*Exhibit 2*



**DEPARTMENT OF THE ARMY**
INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, REDSTONE ARSENAL
4488 MARTIN ROAD
REDSTONE ARSENAL, ALABAMA 35898-5000

REPLY TO
ATTENTION OF

IMRE-EE

14 July 2017

David Hawthorne
974 Bell Factory Road
Huntsville, AL  35811

David Hawthorne v.
Robert M. Speer, Acting, Secretary of the Army
DA Docket # ARREDSTON17MAY01829

Dear Mr. Hawthorne:

This is the Department of the Army's final decision in the above captioned equal employment opportunity complaint filed on 12 July 2017.  Your initial contact with an EEO official was 31 May 2017 and you received the Notice of Right to File a Formal Complaint of Discrimination on 6 July 2017.

In your formal complaint of discrimination, you alleged Reprisal for previous EEO activity (ARREDSTON17MAY01829) and discrimination on the bases of Sex (male) when:

a.  On 13 June 2017, Abner Merriweather, Union President, Reprisal, (Yes, Aware of EEO activity), sex (male), rescinded your appointment as Assistant Vice President of AFGE Local 1858 at Logistics Support Activity (LOGSA).

b.  On 30 May 2017, Abner Merriweather, while attending "Happy Hour" at a local bar/restaurant, walked up to you, and said to his female  companion, "You know we call him Boo Boo."

c.  On 20 May 2017, Abner Merriweather, in a telephone conversation that included Judith Jackson a non-employee, third party, asked you to cook for him

Based on my review of the complaint file, after careful analysis of the complaint file, I have dismissed all claims in accordance with 29 CFR 1614.107(a)(1) and AR 690-600 Chapter 4, Section II, 4-4a(1) as follows:  Reason, Failure to State a Claim.

The Commission has long defined an "aggrieved employee" as one who suffers a present harm or loss in respect to a term, condition, or privilege of employment for which there is a remedy.  According to Smith v. Veterans Affairs, EEOC Appeal No 01A32477, actions by union officer against union official fail to show an agency action adversely affecting Complainant's terms, conditions, or privileges of employment due to

The DA docket number identified at the top of page 1 of this letter should be used on all correspondence. A copy of this letter, without enclosures, is being forwarded to the Agency Representative.

Sincerely,

Jennifer S. Thompson
Director, Equal Employment Opportunity

Enclosures

Appeal Form

## Retaliation/Reprisal

### EXAMPLES

If an employee testifies against his employer in a coworker's complaint and subsequently receives a negative performance review that could affect his career advancement, the employer may have retaliated.

~

If an employee was a witness in an employer's internal investigation of an EEO complaint and was later discharged because he participated in the process, the employer illegally retaliated.

~

If an employee files a charge of employment discrimination with the EEOC, and the employer fires the employee afterwards because the EEOC dismissed her charge, the employer has retaliated.

Revised September 2013

### FILING A CHARGE (involving a Private Company, or State or Local Government)

Charging Parties have either 180 or 300 days from the day they knew about the negative job action to file a charge. The longer time period applies if the employer is located in a place where a state or local government agency has laws similar to the EEOC's laws. Employees and employers may contact the EEOC directly with questions regarding how much time a person has to file a charge. EEOC encourages that people act quickly to ensure that charges are timely filed.

### FILING A COMPLAINT (Federal Government Employees Only)

The time for filing a complaint in the federal sector is 45 days from becoming aware of the harm. To satisfy this time frame, federal employees, former employees, or applicants must first contact an EEO Counselor at the agency where the claim arose—not the EEOC.

### DO YOU HAVE MORE QUESTIONS?

1-800-669-4000

1-800-669-6820 TTY

www.eeoc.gov

## U.S. Equal Employment Opportunity Commission



### Retaliation/Reprisal



800-669-4000 (Voice)

800-669-6820 (TTY)

www.eeoc.gov

# WHAT DOES THE EEOC DO?

The EEOC enforces federal laws that prohibit discrimination by employers, employment agencies, or labor organizations against employees, applicants, or former employees because of their race, color, religion, sex, pregnancy, national origin, age (40 or older), disability, genetic information, or because they (or someone closely related to them) pursued their rights under these laws.

## WHAT IS RETALIATION/REPRISAL?

Retaliation (a.k.a. "reprisal") means treating employees badly because they complained about discrimination on the job, filed a discrimination charge or complaint, or participated in any manner in an employment discrimination proceeding.

Retaliation includes mistreatment for raising discrimination that affects others (e.g., if a man complains about sexual harassment of women, mistreating him is retaliation).

It also includes mistreatment of workers closely related to someone who has complained (e.g., if a worker's spouse filed an EEOC charge, both the worker and his spouse can claim retaliation for actions taken against the worker to deter the spouse's EEO activity).

Retaliation for complaining about conduct that does not involve employment discrimination, such as union activity or workers compensation, is not prohibited by EEOC-enforced laws (although other laws may apply).

## PROVING RETALIATION

To have a valid retaliation claim, three things must have occurred:

1. **Protected Activity**: — *opposition* to discrimination or *participation* in covered proceedings.

*Opposition* means complaining about employment discrimination, including informally:

   ♦ Manner of opposition must be reasonable.
   ♦ Opposition need only be based on reasonable and good faith belief that EEOC-enforced laws were violated.
   ♦ Complaining about discrimination by a different employer is still protected opposition.

*Participation* means filing a charge, acting as a witness, or otherwise taking part in any investigation by the EEOC or the employer, state or federal court, or any other proceeding related to employment discrimination.

   ♦ Protection against retaliation applies even if the original complaint or charge was untimely or was found to lack merit.
   ♦ Complaints involving a different employer are still protected participation.
   ♦ In the federal sector, once a federal employee initiates contact with the EEO counselor, he is engaging in "participation."

2. **Adverse action**

   ♦ Adverse actions in a retaliation claim need not qualify as "ultimate employment actions," like firing, or materially affect the terms or conditions of employment to constitute retaliation. Any action that may deter a reasonable person from protected activity is actionable
   ♦ Adverse actions can occur after the employment relationship between the complaining party and respondent has ended.

3. **Casual connection** between the protected activity and the adverse action.

   ♦ There must be evidence that the adverse action was taken because of protected activity.
   ♦ Examples include:

      1. The "smoking gun" — a written or verbal statement by an official that he took the challenged action because of the complaining party's protected activity.
      2. Evidence that the reason given for taking an action was false.
      3. Evidence that other workers without protected activity are treated better under similar circumstances.
      4. Evidence that the decision was made soon after the protected activity.

Case 5:18-cv-00689-MHH   Document 1   Filed 05/03/18   Page 16 of 23

Exhibit 4

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## OFFICE OF FIELD OPERATIONS
### P.O. Box 77960
### Washington, D.C. 20013

David Hawthorne )
COMPLAINANT/PLANTIFF )      Agency Case No.
                     )      ARREDSTON17MAY01829
v.                   )
                     )
Ryan D. McCarthy,    )
Acting Secretary     )      DATE: April 11, 2018
Department of the Army, )
AGENCY               )

## REQUEST FOR RECONSIDERATION WITH SUPPORTING DOCUMENT ALSO I NEVER RECEIVED THE COMMISSION DECISION UNTIL YESTERDAY 10/10/2018 COPY OF CORRESPONDENCE ATTACH AS EXHIBIT 1

Before I address the Analysis and finding of the commission decision I need to first address the unsupported foundation on which that analysis was based.

The commission made its decision on how the agency defined my EEO claim, when the agency sated in its decision July 14, 2017 brief that:

On 13 June 2017, Abner Merriweather, Union President, Reprisal, (Yes, Aware of EEO activity), sex male), rescinded your appointment as Assistant Vice President of AFGE Local 1858 at Logistics Support Activity (LOGSA).

But that is not the claim that I made. The commission guidance specifically gives direction to the EEO Agency on fragmentation a Plaintiffs complaints. Specifically the

commission says in the MD 110 in section III that the AGENCIES MUST AVOID FRAGMENTING EEO COMPLAINTS. There in that section it states that:

The fragmentation, or breaking up, of a complainant's legal claim during EEO complaint processing has been a significant problem in the federal sector. For complainants, fragmented processing can compromise their ability to present an integrated and coherent claim of an unlawful employment practice for which there is a remedy under the federal equal employment statutes.

In my claim I stated that:

On 13 June 2017, Abner Merriweather, Union President, in an act of Reprisal rescinded my appointment as Assistant Vice President of AFGE Local 1858 at Logistics Support Activity (LOGSA) ... because I filed an EEO complaint sexual harassment complaint against him that he admitted to in writing ...

Additionally, in the EEO counselor dictation listed in the Agency Final Agency Decision (FAD) from September 07, 2017 the EEO counselor said the Defendant stated that his sole reason for removing me from my position is because I filed an EEO Sexual harassment complaint. No other reason.

Removing me from a Union position because I was appointed for whatever reason vs. removing me from my appointed position because I filed an EEO sexual harassment complaint, that the Union president admitted to doing (see exhibit 4) because I participated in this EEO process by filing a EEO charge against the Union president for sexual harassment ... is not the same context. And the Commission made its Decision not on the context under which I defined my claim, but the commission made its decision under the context under which the agency, who is the defendant, change my claim, in order to aid them is a speedy dismissal of my complaint. And pursuant to BURLINGTON NORTHERN & SANTA FE RAILWAY CO v. WHITE

2

context matters. The agency definition of my claim and my definition of my claim is not the same context.

Participation in the EEO process is a protected activity and if a charge is filed it is protected thenceforth, if retaliation occurs and be proved that it occurred because a plaintiff participated in the EEO process for the charge filed.

According to the Agency brief dated September 07, 2017 listed in exhibit 4 on page number 3 highlighted in the EEO Counselor's Report, "Mr. Merriweather indicated he removed the [Appellant] as The AFGE local assistant vice president because the EEO Pre-complaint alleging sexual harassment he submitted against him. The defendant said that verbatim.

In the commission brief for Appeal No. 0120172813 and Agency No. ARREDSTON17MAY01829 on page 2 sentence 2 the commission states that: "An agency shall accept a complaint from any aggrieved employee ... who believes that [s/he] has been discriminated against." Once an employee has submitted a complaint, that employed is protected within that process by participation in that activity during that process.

By the commissions regulations of 29 CFR 1614.101 (b): No person shall be subject to retaliation for opposing any practice made unlawful by title VII of the Civil Rights Act (title VII) (42 U.S.C. 2000e et seq.) So it doesn't matter if they are in the Union or not, if retaliation occurs for the defined reason of participation in the EEO process then by the Commission own literature that person is protected from retaliation, if the retaliation occurs because the plaintiff fled a charge, subject to the context of BURLINGTON NORTHERN & SANTA FE RAILWAY CO v. WHITE in any way that would DISSUAD A PERSON FORM FILING A COMPLAINT, its unacceptable. I was subjected to removal from my position, humiliation in front of an audience of others, and the threat from attorneys that I better withdraw my complaint .... letters sent to my home. I believe that meets the thrash hold for DISSUAD.

3

The commission reiterates this in its EEOC brochure listed in exhibit 3. There it states that, Protected Activity ... is participation in covered [EEOC activity] proceedings. The commission brochure also states that PARTICIPATION MEANS FILING A CHARGE ... ..... And that  Protection against retaliation applies even if the original complaint or charge was untimely or was found to lack merit.   That's the commission guidance see exhibit 3 highlighted, and a material fact that may not have been considered in the commission decision on November 21, 2018.

Addressing the case law the Commission references: In the Commission decision it states that "as to Complainant's removal from a union position, the Commission has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another adjudicatory proceedings."

But there was no other adjudicatory proceedings at the time of my removal.  The only reason I was removed was because I filed an EEO complaint of sexual harassment that the Union president admitted to.  As illustrated in United States case of BURLINGTON NORTHERN & SANTA FE RAILWAY CO v. WHITE No. 05-259 these anti retaliation cases must be taken into context, the context of my case is far from those mentioned.

For instance in the Lingad v. United States Post Office 05930106, this case referenced  AWOL and that the arbitrator affirmed the removal, which was for absence without leave (AWOL) for almost eight months, then after As relief, appellant wrote in his EEO complaint that he sought reinstatement.  However here the dichotomy and context of this cases and mine are perpendicular.  As previously explained above.

Additionally, this case is part of larger cases, 6 in all.  Currently there are 6 EEO complaints against the Agency.  I stated that I believe based on a through reading of all these cases that the Agency Management and the Union president are colluding in the form of Quid Pro Quo, that pursuant to Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881,

4

44 L.Ed.2d 508 (1975), the Union president, while being paid by the Army in official duties, was making an effort to have me react to him by physically assaulting him through "heat of passion" as he continued to sexually harass me in his official Army position during his official Army duty hours off base. At the time of the incident I had 3 EEO case, and assaulting him would have only aided the Agency by subjecting me to an arrest and a loss of my security clearance; As Union business is conducted in that bar/restaurant he was at work so I filed my complaint so I waited and filed a complaint with the EEO office the following day. So I believe that the Union president was attempting to make me react violently to him in the Heat of Passion in order to aid the agency with my dismissal of complaints, and when I did not, and instead filed a complaint, he removed me from my position because as he stated, I filed an EEO complaint against him; and he removed me, by retaliation based on his words, during Official Army Duty time, on an Army Computer, with Army email all while the UNION has its own email connections, computer and internet network. So if what the commission says is true, that this should have been grievance, then he eclipse that when he not only retaliated against me during Official duty time, but he did it with Official Army equipment, and without objection from Army civilian management.

Also, I believe that the Union president, based on the number of person that have spoken to me, has acted as Union representative and intentionally missed the timeliness on a number of persons filing EEO complaints (they would have been my witnesses) giving an unfair advantage in EEO complaints for the Agency. In turn I believe the Agency allows the Union president to win/gain on other cases such as grievances. This may sound far fetch; nevertheless, but an ROI will show the truth as I would introduce witness relative to this for this case.

In this Commission acknowledgement of my harassment the commission quoted case law relative to:

Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993), saying that the Supreme Court reaffirmed the holding of Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986),

5

that harassment is actionable if it is sufficiently severe or pervasive to alter the conditions of the complainant's employment. Thus, not all claims of harassment are actionable. As noted by the Supreme in Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998): "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in terms and conditions of employment.

My question to this commission is that ... How you would know if the sexual harassment is or was sufficiently severe or pervasive to alter the conditions of the complainant's employment.   There was never an investigation for the commission to know the details, instead the Agency EEO director altered my claims and dismissed my complaint without dismissing all my claims even though they acknowledge other claims that are not listed on the dismissed complaint.  So it is a material fact that the commission cannot effectively asses my case without knowing the details of the effects the sexual harassments and retaliation that has happened to me, my employment and the conditions at which I must be in when seeing those that I was sexually harassed in front of.  You just don't know!

The commission quotes case law that references in that complaint as simple teasing .... Well I just don't know how you can see it that way ... you were not there, and there was no investigation to give insight into what was going on.  You are quoting cases with definite answers that went before major courts that had to have investigations.  But there was not investigation here.

I ask this commission to give me the benefit of the doubt, not just because I'm the victim, but because the last time  in my cases you gave the agency the benefit of the doubt the Agency hood winked the commission.  The agency invoked the Doctrine of Frustration when they breached the NSA agreement and this commission granted them a win on what it thought was the Agency's valor alone, even against the commissions previous case file of Lawrence S. Lomax (complaint) vs R. James Nicholson, Secretary Department of Veterans Affairs (Agency), request No 0520080115, and Appeal number

6

0720070039; Only to find out in the ROI for case that followed of ARREDSTON15AUG04058 that the agency had lied to the Commission, as there were more than the two person that knew of the ARREDSTON13JUL02070 NSA, that the Agency management has been cited in the case for perjury, and that they clearly mention in the ARREDSTON13JUL02070 ROI that they never intended to follow through with the Army commander agreement of the ARREDSTON13JUL02070 NSA in the first place.

I wish you would read all of my cases, at least the ones that have ROI's and see just what this agency has done to me …. It just heart sinking. So I keep filing when they use the Union president to reach me, or the Team lead, or Agency management here to do so, what else I can do. My cases of ARREDSTON17MAY01829, ARREDSTON13JUL02070, ARREDSTON15AUG04058, ARREDSTON16JAN00877, and ARIMCOMHQ17SEP04181 should be viewed in context that I have several case.

In any case this is my brief for reconsideration, I ask that this Commission remand this case back to the Agency for immediate investigation so the commission can have all the investigated facts before it dismiss my complaint on the claims contextual bases.

Respectfully,
David Hawthorne,
Juris Doctor (J.D.) candidate
first year law student
Phone: 256-955-7948
david.hawthorne8.civ@mail.mil

7