# United States District Court
## for the Northern District of Alabama
## 101 Holmes Avenue
## Huntsville, AL 35801

DAVID HAWTHORNE  
<u>PLAINTIFF</u>

VS.

Mark T. Esper  
Secretary of the Army,     ) COURT CASE NUMBER  5:18-cv-00689-MHH

AND/OR

American Federation of Government     ) Date June 15, 2018 23, 2018  
Employees, (AFGE)

<u>DEFENDANTS</u>

MOTION TO add EEOC OFO Appeal Reconsideration No. 0520180324 as an ADDENDUM to this court case number of 5:18-cv-00689-MHH at the action request of Department of the Army, see exhibit 2, and EEOC OFO compliance to the Department of the Army's request in exhibit 2.

You're Honor I am compelled to bring The Army

1. **EEO Complaint Number ARREDSTON17MAY01829** for
2. **EEOC OFO Appeal No. 0120172813 (see attached exhibit 1),** for the
3. **EEOC OFO Appeal Reconsideration No. 0520180324**

Before your court ... at the request of the Department of the Army Agency Civilians, actions of the EEOC OFO and the concurrence of the DOJ. Per the EEOC OFO decision on EEOC OFO Appeal No. 0120172813 (exhibit 5) and my reply that any correspondence from the EEOC in its initial decision sent to me was never received (see exhibit 4 and exhibit 6), the commission provided me with the EEOC OFO Appeal Reconsideration No. 0520180324 as I pointed out material fact they did not take into consideration in their EEOC OFO Appeal No 0120172813 ruling (see exhibit 6).

However, before the EEOC OFO could rule, completely, on that EEOC OFO Appeal Reconsideration No. 0520180324 the Department of the Army Civilians On May 4th 2018 wrote to the EEOC OFO reviewing my EEOC OFO Appeal Reconsideration No. 0520180324 and requested that the Commission cancel its review because Your court You Honor Ordered on the same day (May 4th, 2018) for oral arguments on an injunction hearing, in an unrelated case of mine. As such, the EEOC OFO did cancel their review of my EEOC OFO Appeal Reconsideration No. 0520180324 at the request of the Department of the Army because.

At the Departments of the Army's request *__dated May 4th 2018__* (see date in exhibit 2 at bottom of page 2) the EEOC OFO on *__May 10th 2018__* (see exhibit 3) canceled my Department of the Army **EEOC OFO Appeal Reconsideration Appeal No. 0520180324** because Your Honors court, on *__May 4th 2018__*, granted a hearing (see exhibit 1 page 2 highlighted) over the EEOC's legal counsel Kathleen Objection which was also dated *__May 4th 2018__* (see exhibit 1 page 1 highlighted).

The Injunction was against the EEOC regulations ... not the Department of the Army. We were in court on the constitutional grounds of an EEOC regulation and its disparate application relative to public and private sector procedure due process ... not on the validity of sexual harassments claims that I made against the Department of the Army.

A review of the courts transcripts on May 07, 2018 will show that when Ms. Sarah Stevens Wilson, the Assistant United States Attorney for the Department of Justice (DOJ) spoke at the hearing representing the EEOC and the Department of the Army ... she thought that EEOC regulation of 29 CFR 1614.107(a)(1) in question was a department of the Army regulation ... but it is in fact the EEOC's regulation.

After reaching out to the DOJ AUSA Ms. Wilson she arranged a conference call meeting with me. In that meeting Ms. Wilson stated that now that the EEOC had granted the Department of the Army Agency Civilians request to cancel my appeal with EEOC OFO Appeal Reconsideration No. 0520180324 that this may work out better for me because now, provided that I have or will amended my complaint in your honors court to add the **EEOC OFO Appeal Reconsideration No. 0520180324**, I would now have the ability to deal with her and the DOJ on all of my claims, and will no longer have to deal with several different parties working within the Department of the Army and/or the EEOC; that I will now deal with one person on all cases; and any global settlement, as I stated that I am seeking, can be entertained with the DOJ alone.

**II. EEOC Issues me a Right to Sure Letter for Agency EEO Complaint Number ARREDSTON17MAY01829**

On November 21st 2017 The EEOC OFO issued me a letter of Right to file a Civil Suit (please see exhibit 5)

**III. Right To sue letter never received from EEOC, Contacted EEOC and they issues me a EEOC OFO appeal number for reconsideration of their decision based on my Appeal brief ( see exhibit 6)**

On April 11 2017 as seen in exhibit 6, the EEOC received my Appeal for reconsideration and issues me a EEOC OFO Request No. 0520180324.

### IV. EEOC Cancels Appeal at request of Army because you Honors Court grants me a Hearing on constitutionally of EEOC regulation (Supra)

for all the reason listed above the Department of the Army requested the EEOC OFO to cancel my EEOC OFO Request No. 0520180324 because they considered the courts hearing on May 7, 2018 the same case that the EEOC was entertaining ... even though it was made clear that it was not.


Bases on EEOC Right to sue letter I would like to file a civil suit against the US Army for the continued sexual Harassments, creating a Hostile work environment and Retaliation n of Army Employee Abner Merriweather, who is the AFGE President; and Retaliation n by EEO director Jennifer Thompson

### V. CLAIMS BEFORE THE COURT FOR ADDENDUM COMPLAINT

The below claims are associated only with **EEO Complaint Number ARREDSTON17MAY01829** and request relief of $300,000.00 as originally requested from:

**Name**: J. David Cox, National President
**Title**: for American Federation of Government Employees, AFGE
**Address** 80 F Street, NW Washington, DC 20001

and or ...

**Name**: Everett Kelley
**Title**: for National Vice President of AFGE 5th District
**Address:** 6724 Church Street Suite 2, Riverdale, GA 30274-4711

and or ...

**Name**: Mark T. Esper
**Title**: for Secretary of the Army
**Address** 1500 Defense Pentagon Washington, DC 20310


**CLAIM 1**

I claim that on May 30th 2017 Abner Merriweather, the AFGE Union President that is located on the Redstone Arsenal Base in Huntsville Alabama, sexually harassed me while he was on Army duty time and we were off the Redstone Arsenal Base.

In exhibit 8f on page 1 of 2 highlighted in green I stated to Union president Abner Merriweather when he text me at 3am in the morning of May 31, 2017 that what he was doing was offensive and sexual harassment; in exhibit 8e Abner Merriweather replying to my text in exhibit 8f that

106 what he was doing by calling me his boo on one occasion and continuously calling me Boo Boo,
107 repeatedly, on others that night, agrees but stated he didn't like the way I asked him to stop.

108 Also Abner Merriweather as is illustrated in exhibit 10 on page 3 highlighted in yellow, denied
109 and lied during a federal investigation (violation of 18 USC 1001) when he said that he never ask
110 me to cook for him, when he clearly admitted that he did ask me to cook for him in exhibit 8e,
111 but did not like the way I ask him to stop.  That happened!
112
113 Also as listed in the Agency's September 07, 2017 FAD in exhibit 10 on page 3 highlighted in
114 green the EEO Counselor recorded the Arrogant Union President Abner Merriweather as saying
115 his sole reason for removing me as Assistant Vice president of LOGSA was because I filed a EEO
116 complaint on him. Specifically he stated to the EEO Counselor that :
117
118 *According to the EEO Counselors report, "Mr. Merriweather indicated that he removed the*
119 *[Appellant [David Hawthorne] os AFGE Local assistant vice president because of the EEO Pre-*
120 *complaint alleging sexual harossment he submitted against him.*
121
122 On May 8, 2016 Abner Merriweather, in a text conversation with two other females on line, made an
123 implied reference to me as a woman, saying that we all have been like a mother to him … I told him in
124 That txt message, illustrated in exhibit 8g, I did not like what he just implied to me, and to leave
125 me out of and all Gay jokes, that there was nothing or amusing or funny about what he said if
126 he was trying to be funny and to LEAVE ME OUT OF ALL GAY REFERENCE AND GAY JOKES.   This
127 illustrates a pattern as well as
128
129 incidentally, there is a pattern in Abner Merriweather advances on me. In exhibit 8f on page 1
130 of 2 highlighted in green I stated that what he was doing was offensive and sexual harassment
131 (where in exhibit 8e Abner Merriweather agrees, but stated he didn't like the way I asked him
132 to stop)
133
134 Abner Merriweather also agrees  that he did in fact asked me to cook for him In exhibit 8f on
135 page 1 of 2
136 highlighted in yellow; Abner Merriweather  acknowledges that  it is true  he asked me to cook
137 for him.    However after I reported the incident to the Army EEO office as required by 29 CFR
138 1614.103 for 29 CFR 1614.106(a) … Abner Merriweather as is illustrated in exhibit 10 on page 3
139 highlighted in yellow, denied and lied during a federal investigation (violation of 18 USC 1001)
140 that he said that he had ask me to cook for him at all.
141
142 **Rules of LAW: According to** The EEOC ACT of 1972 states:  No order of the court shall require
143 the … reinstatement of an individual … of a **UNION** … if such individual was … suspended or
144 expelled … or was … discharged for any reason other than discrimination, **in violation of section**
145 **704(a).**
146
147 Additionally, **SECTION 704 (a) of TITLE VII STATES:** It shall be an unlawful employment practice
148 for … a labor organization to discriminate against any member thereof … ***because he has made***

*__a charge__ ... or participated in any manner in an investigation, proceeding, or hearing under this title*

As such the EEOC administrative court powers had the authority from the law (quoted supra) to put me back in the position I was discharge from but did not, giving more credence to members to fear the Union president and given more reason for him and others not to consider the court to take action on Title VII retaliation actions an reactions.

## CLAIM 2

I also claim that Abner Merriweather *actions of removing me, and doing so in front of an audience of coworkers, cause others I work with not to take claims made against him of __questionable intent__ and as such* damaged the good reputation of mine. See exhibit 18 page bottom of page 3 highlighted comments from Union executive Ms. Jacqueline Watkins-Crawford. Sent: Tuesday, June 20, 2017 6:41 AM

My reply to her on in exhibit 18 on top of page 3 page I said ... it was painful that she as an officer in the UNION didn't want to hear anything about my Sexual Harassment complaint against the Union President .... After Abner Merriweather published that untruthful June 13 letter removing me ... based on the contrary information he gave for removing me to the EEO investigators.

*But that withstanding thank you, as an executive board member, for your attention and honest thoughts and reply to my very painful efforts to file and notify all who I thought should be notified of my sexual harassment complaint [ be the union president].*

Ms. Jacqueline Watkins-Crawford response and the UNION non response to my request that they suspend the UNION president while the Army EEO investigation was going on because Abner Merriweather had access to my personal information at the Union office, personal information that was later used to have his attorneys send threating letters to my home demanding that I drop my EEO complaint against Abner Merriweather. The incident and in active response from Union members still leaves me emotionally and painfully distressed until this day.

## CLAIM 3

I claim that I contact the AFGE 5th District National Vice president Everett Kelley, and got no response to the incident. I also claim, as is illustrated in exhibit 19 on page 2 the Local Union Assistant president Theodora Stewart, contacted Dr. Everett Kelley NVP AFGE District 5, and that Everett Kelley NVP AFGE District 5 emailed Theodora Stewart Assistant president back and stated that

Good evening Theodore :
I sent all the documents to the National office seeking advice as it relates to brother Hawthorn's allegations. "If is the opinion of the Attorney after going through all the attachments that this does not rise to the level of unlawful sexual harassment [it] is the opinion of the Attorney after going through all the attachments that this does not rise to the level of unlawful sexual harassment.

196  The Attorney Indicated that some would say *that there are no sexual connotations to the name "boo
197  boo"*.  But even if there were, *THREE* TIMES IS NOT FREQUENT AND IT IS NOT SEVERE/EGREGIOUS. It
198  is my opinion that there is nothing for any of us to do at this time.

200  I also sent exhibits 8f and 8e where the union president admits to sexually harassing me before he knew
201  I would file an EEO complaint to the Local Union and to Everett Kelley NVP AFGE District 5 but he made
202  no mention of that my me too claim were acknowledge and the written admittance was also
203  acknowledge but he and or the National office attorneys did not think more than once of sexual
204  harassment was enough ... even though I ask him to stop more than 15 times.

206  According to AFGE 5th District National Vice president Everett Kelley my claims do not rise to the
207  level of unlawful sexual harassment ... they were in his and the National office lawful sexual harassment
208  so they decided to do nothing .... *so, humbly, i am at the feet of this honorable court stretching for its*
209  *merciful hand as i mumble and implore for the comeuppance to those that have done these horrible*
210  *and painful things to me.*

### CLAIM 4

215  I also claim that after removing me from my official Union positions assistant vice president because of
216  my opposition to his relentless and unwelcome sexual advances the Union president, on June 13th 2017,
217  had his law firm send me a threating letter *TO MY HOME* demanding that I withdraw my EEO complaint
218  against Abner Merriweather or face the might of their law firm, and they gave me 5 or so days to do it
219  (see exhibit 15) .... I was afraid, apprehensive, and didn't know what to do. I later filed another claim
220  with the Army EEO office relative to *18 U.S.C. §1505* for an obstruction claim (see exhibit 14). However
221  The EO director added the claim to my complaint when she dismissed my complaint as is illustrated in
222  exhibit 13

224  According to 18 U.S.C. §1505 it states that: WHOEVER ... by threats ... or by any threatening letter or
225  communication influences... *endeavors to influence ... the due and proper administration of the law*
226  *under which any pending proceeding is being had before any ... agency (*the Department of the Army,
227  Department of the Army EEO Compliance and Complaints and the Department of the Army EEO office)
228  *of the United States shall be fined under this title ...* The agency formally acknowledge that obstruction
229  claim pursuant to 29 CFR 1614.106(e) for 29 CFR 1614.106(d)

### CLAIM 5

232  I also claim that on June 19, 2017 3:23 PM I received an email reply back from Department of the
233  Army EEO counselor, Chanley Pickard, that had 3 other EEO counselors CC on it, namely; EEO Director
234  Jennifer Thompson, EEO Counselor Katrisa Norwood, EEO Consoler Brenda Cammon, and EEO Counselor
235  Tiphanie Pharris, acknowledging my threatening letter/communication and 18 U.S.C. §1505 claim (see
236  exhibit 5). That reply to my claim stated:

238  "Mr. Hawthorne, your email is Acknowledged, this claim will be will be added to your current
239  compliant"

241  However in Jennifer Thompson Department of the Army Final Agency Decision (FAD) for this

242  case dated July 14th, 2018 and as seen in exhibit 14 she refused to list this acknowledge claim in
243  her final Agency Decision ... which according to the EEOC regulations of 29 CFR 1614.105(g)
244  where there it states that *"**THE COUNSELOR SHALL NOT ATTEMPT IN ANY WAY TO RESTRAIN**
245  ***THE AGGRIEVED PERSON FROM FILING A COMPLAINT.**"* Yet Jennifer Thompson intentionally
246  and maliciously did not list my acknowledge claims, fragmented others, and then incorrectly
247  applied the commissions regulation of 29 CFR 1614.107(a)(1) to dismiss my complaint.; her
248  actions harmed my complaint because it didn't list all my acknowledge claim and also
249  prevented me from having an unbiased independent investigation at the time the claim were
250  originally made.
251
252  Accordingly, 29 CFR 1614.107(b) it states that: Where the Agency believes that some but not all
253  of the claims in a complaint should be dismissed for the reasons contained in paragraphs (a)(1)
254  through (9) of this section, *the agency shall notify the complainant in writing of its*
255  *determination, the rationale for that determination and thot those claims* will not be
256  investigated, and shall place a copy of the notice in the investigative file. But the Agency did not
257  do this it simply chose not address the acknowledge claims, which this commission specifically
258  says, pursuant to 29 CFR 1614.106(d) for 29 CFR 1614.106(e), it cannot do.  Simply
259  acknowledging claim and leaving them off the official EEO FAD is not dismissing them, and not
260  the proper guidance and is malicious and subjective abuse of the EEOC regulations required to
261  dismiss a claim pursuant to is 29 CFR 1614.107(a)(1) for failure to state a claim ... which is why
262  congress never intended for the defendant to dismiss claims made against them.
263
264
265  I believe this amount to Obstruction based on the rule of law infra as by Jennifer Thompson
266  dismissing my complaint without dismissing my claim ... I was not able to get an official 3rd party
267  investigation to present an objective case before the court in my request of reinstatement as
268  UNION VP and $300,000.00 dollars in compensatory and/or punitive damages against AFGE
269  and/or the Department of the army for pain and suffering I continue to endure because of the
270  sexual harassment defined supra and from the lack of transparency because the Department of
271  the Army *endeavored to influence ... the due and proper administration of the law under which*
272  *my complaint was taking place by editing/dropping and/or not listing all my acknowledged*
273  *claims as require by the law*
274
275  Again according to 18 U.5.C. §1505 it states that: WHOEVER ... by threats ... or by any threatening letter
276  or communication influences... *endeavors to influence ... the due and proper administration of the law*
277  *under which any pending proceeding is being had before any ... agency (*the Department of the Army,
278  Department of the Army EEO Compliance and Complaints and the Department of the Army EEO office)
279  *of the United States shall be fined under this title ...* The agency formally acknowledge that obstruction
280  claim pursuant to 29 CFR 1614.106(e) for 29 CFR 1614.106(d)
281
282

Remedy Requested from AFGE and/or Department of the Army

reinstatement as UNION VP and $300,000.00 dollars in compensatory and/or punitive damages against AFGE and/or the Department of the army for pain and suffering I continue to endure because of the sexual harassment defined supra and from the lack of transparency because the Department of the Army *endeavored to influence … the due and proper administration of the law under which my complaint was taking place by editing/dropping and/or not listing all my acknowledged claims as require by the law*

Respectfully, submitted

*[signature]*

David Hawthorne,
Phone: 256-955-7948
david.hawthorne8.civ@mail.mil

P.O. Box 2054
Madison, AL 35758