Exhibit 5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

David Hawthorne, a/k/a
Gregg Y.,[1]
Complainant,

v.

Ryan D. McCarthy,
Acting Secretary,
Department of the Army,
Agency.

Appeal No. 0120172813

Agency No. ARREDSTON17MAY01829

## DECISION

Complainant filed a timely appeal with the Equal Employment Opportunity Commission (EEOC or Commission) from the Agency's decision dated July 14, 2017, dismissing his complaint alleging unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a General Engineer at the Agency's Logistics Support Activity facility in Redstone Arsenal, Alabama.

On July 12, 2017, Complainant filed a formal complaint alleging that the Agency subjected him to discrimination on the bases of sex (male) and reprisal when: (1) on June 13, 2017, the Union President rescinded Complainant's appointment as Assistant Vice President of AFGE Local 1858; (2) on May 30, 2017, the Union President, while attending a "happy hour" at a local bar, walked up to Complainant and said to his female companion, "you know we call him Boo Boo"; on May 20, 2017, the Union President, in a telephone conversation that included a female non-employee, asked Complainant to cook for him.

The Agency dismissed the complaint, pursuant to 29 C.F.R. § 1614.107(a)(1), for failure to state a claim. The instant appeal followed.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

## ANALYSIS AND FINDINGS

The regulation set forth at 29 C.F.R. § 1614.107(a)(1) provides, in relevant part, that an agency shall dismiss a complaint that fails to state a claim. An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R. §§ 1614.103, .106(a). The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Dep't of the Air Force, EEOC Request No. 05931049 (Apr. 21, 1994).

As to Complainant's removal from a union position, the Commission has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another adjudicatory proceeding. See Wills v. Department of Defense, EEOC Request No. 05970596 (July 30, 1998); Kleinman v. United States Postal Service, EEOC Request No. 05940585 (September 22, 1994); Lingad v. United States Postal Service, EEOC Request No. 05930106 (June 25, 1993). The EEO process is not the proper forum for Complainant to have raised this challenge. As Complainant is challenging actions directly related to his position within the union, he must raise this claim within the union grievance process.

In Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993), the Supreme Court reaffirmed the holding of Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986), that harassment is actionable if it is sufficiently severe or pervasive to alter the conditions of the complainant's employment. Thus, not all claims of harassment are actionable. As noted by the Supreme Court in Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998): "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment'." Following a review of the record, we find that in the instant case, viewing the allegations together and assuming they occurred as alleged, Complainant fails to state a viable claim of a discriminatory hostile work environment. The actions alleged, without more, concern isolated incidents that are simply insufficiently severe or pervasive to state a valid hostile work environment claim.

The Agency's decision dismissing the complaint is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The

4                                                                  0120172813

court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

NOV 2 1 2017
Date