

Exhibit C

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**OFFICE OF FIELD OPERATIONS**
**P.O. Box 77960**
**Washington, D.C. 20013**

| | |
|---|---|
| David Hawthorne<br>COMPLAINANT/PLANTIFF<br><br>v.<br><br>Ryan D. McCarthy,<br>Acting Secretary<br>Department of the Army,<br>AGENCY | Agency Case No.<br>ARREDSTON17MAY01829<br><br><br><br>DATE: April 11, 2018 |

## REQUEST FOR RECONSIDERATION WITH SUPPORTING DOCUMENT
## ALSO I NEVER RECEIVED THE COMMISSION DECISION UNTIL YESTERDAY
## 10/10/2018 COPY OF CORRESPONDENCE ATTACH AS EXHIBIT 1

Before I address the Analysis and finding of the commission decision I need to first address the unsupported foundation on which that analysis was based.

The commission made its decision on how the agency defined my EEO claim, when the agency sated in its decision July 14, 2017 brief that:

On 13 June 2017, Abner Merriweather, Union President, Reprisal, (Yes, Aware of EEO activity), sex male), rescinded your appointment as Assistant Vice President of AFGE Local 1858 at Logistics Support Activity (LOGSA).

But that is not the claim that I made.  The commission guidance specifically gives direction to the EEO Agency on fragmentation a Plaintiffs complaints.  Specifically the

commission says in the MD 110 in section III that the AGENCIES MUST AVOID FRAGMENTING EEO COMPLAINTS.  There in that section it states that:

The fragmentation, or breaking up, of a complainant's legal claim during EEO complaint processing has been a significant problem in the federal sector. For complainants, fragmented processing can compromise their ability to present an integrated and coherent claim of an unlawful employment practice for which there is a remedy under the federal equal employment statutes.

In my claim I stated that:

On 13 June 2017, Abner Merriweather, Union President, in an act of Reprisal rescinded my appointment as Assistant Vice President of AFGE Local 1858 at Logistics Support Activity (LOGSA). … Because I filed an EEO complaint sexual harassment complaint against him that he admitted to in writing …

Additionally, in the EEO counselor dictation listed in the Agency Final Agency Decision (FAD) from September 07, 2017 the EEO counselor said the Defendant stated that his sole reason for removing me from my position is because I filed an EEO Sexual harassment complaint.  No other reason.

Removing me from a Union position because I was appointed for whatever reason vs. removing me from my appointed position because I filed an EEO sexual harassment complaint, that the Union president admitted to doing (see exhibit 4) because I participated in this EEO process by filing a EEO charge against the Union president for sexual harassment … is not the same context. And the Commission made its Decision not on the context under which I defined my claim, but the commission made it decision under the context under which the agency, who is the defendant, change my claim, in order to aid them is a speedy dismissal of my complaint.  And pursuant to BURLINGTON NORTHERN & SANTA FE RAILWAY CO v. WHITE

2

context matters.  The agency definition of my claim and my definition of my claim is not the same context.

Participation in the EEO process is a protected activity and if a charge is filed it is protected thenceforth, if retaliation occurs and be proved that it occurred because a plaintiff participated in the EEO process for the charge filed.

According to the Agency brief dated September 07, 2017 listed in exhibit 4 on page number 3 highlighted in  the EEO Counselor's Report, "Mr. Merriweather indicated he removed the [Appellant] as The AFGE local assistant vice president because the EEO Pre-complaint alleging sexual harassment he submitted against him.  The defendant said that verbatim.

In the commission brief for Appeal No. 0120172813 and Agency No. ARREDSTON17MAY01829 on page 2 sentence 2 the commission states that: "An agency shall accept a complaint from any aggrieved employee ... who believes that [s/he] has been discriminated against."  Once an employee has submitted a complaint, that employed is subject and protected by in that process by participation in that activity during that process.

By the commissions regulations of 29 CFR 1614.101 (b): No person shall be subject to retaliation for opposing any practice made unlawful by title VII of the Civil Rights Act (title VII) (42 U.S.C. 2000e et seq.) So it doesn't matter if they are in the Union or not, if retaliation occurs for the defined reason of participation in the EEO process then by the Commission own literature that person is protected from retaliation, if the retaliation occurs because of the plaintiff fled a charge and subject to the context of BURLINGTON NORTHERN & SANTA FE RAILWAY CO v. WHITE in any way that would DISSUAD A PERSON FORM FILING A COMPLAINT, its unacceptable. I was subject to removal from my position, humiliation in from of an audience of others, and the threat from attorneys that I better withdraw my complaint .... Letters sent to my home. I believe that meets the thrash hold for DISSUAD.

3

The commission reiterates this in its EEOC brochure listed in exhibit 3. There it states that, Protected Activity ... is participation in covered [EEOC activity] proceedings. The commission brochure also states that PARTICIPATION MEANS FILING A CHARGE ... .... And that   Protection against retaliation applies even if the original complaint or charge was untimely or was found to lack merit.    That's the commission guidance see exhibit 3 highlighted, and a material fact that may not have been considered in the commission decision on November 12, 2018.  Addressing the case law the Commission references:

In the Commission decision it states that "As to Complainant's removal from a union position, the Commission has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another adjudicatory proceedings."

But there was no other adjudicatory proceedings at the time of my removal.  The only reason I was removed was because I filed an EEO complaint of sexual harassment that the Union president admitted to.   As illustrated in United States case of BURLINGTON NORTHERN & SANTA FE RAILWAY CO v. WHITE No. 05-259 these anti retaliation cases must be taken into context, the context of my case is far from those mentioned.

For instance in the Lingad v. United States Post Office 05930106, this case referenced  AWOL and that the arbitrator affirmed the removal, which was for absence without leave (AWOL) for almost eight months, then after As relief, appellant wrote in his EEO complaint that he sought reinstatement.  However here the dichotomy and context of this cases and mine are perpendicular.  As previously explained above.

Additionally, this case is part of larger cases, 6 in all.  Currently there are 6 EEO complaints against the Agency.  I stated that I believe based on a through reading of all these cases that the Agency Management and the Union president are colluding in the form of Quid Pro Quo, that pursuant to Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881,

4

44 L.Ed.2d 508 (1975), the Union president, while being paid by the Army in official duties, was making an effort to have me react to him by physically assaulting him through so heat of passion as he continued to sexually harass me in his official Army position during his official Army duty hours off base. At the time of the incident I had 3 EEO case, and assaulting him would have only aided the Agency by subjecting me to an arrest and a loss of my security clearance; As Union business is conducted in that bar/restaurant he was at work so I filed my complaint so I waited and filed a complaint with the EEO office the following day. So I believe that the Union president was attempting to make me react violently to him in the Heat of Passion in order to aid the agency with my dismissal of complaints, and when I did not, and instead filed a complaint, he removed me from my position because as he stated, I filed an EEO complaint against him; and he removed me, by retaliation based on his words, during Official Army Duty time, on At an Army Computer, with Army email all while the UNION has its own email connections, computer and internet network. So if what the commission says is true, that this should have been grievance, then he eclipse that when he not only retaliated against me during Official duty time, but he did it with Official Army equipment, and without objection from Army civilian management.

Also, I believe that the Union president, based on the number of person that have spoken to me, has acted as Union representative and intentionally missed the timeliness on a number of persons filing EEO complaints (they would have been my witnesses) giving an unfair advantage in EEO complaints for the Agency. In turn I believe the Agency allows the Union president to win/gain on other cases such as grievances. This may sound far fetch; nevertheless, but an ROI will sho the truth as I would introduce witness relative to this for this case.

in this Commission acknowledgement of my harassment the commission quoted case law relative to:

Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993), saying that the Supreme Court reaffirmed the holding of Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986),

5

that harassment is actionable if it is sufficiently severe or pervasive to alter the conditions of the complainant's employment. Thus, not all claims of harassment are actionable. As noted by the Supreme in Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998): "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in terms and conditions of employment.

My question to this commission is that … How you would know if the sexual harassment is or was sufficiently severe or pervasive to alter the conditions of the complainant's employment.   There was never an investigation for the commission to know the details, instead the Agency EEO director altered my claims and dismissed my complaint without dismissing all my claims even though they acknowledge other claims that are not listed on the dismissed complaint.  So it is a material fact that the commission cannot effectively asses my case without knowing the details of the effects the sexual harassments and retaliation that has happened to me, my employment and the conditions at which I must be in when seeing those that I was sexually harassed in front of.  You just don't know!

The commission quotes case law that references in that complaint as simple teasing …. Well I just don't know how you can see it that way …  you were not there and there, and there was not investigation to give your insight to who and what was going on.  You are quoting cases with definite answers what went before major courts that had to have investigations.  But there was not investigation here.

I ask this commission to give me the benefit of the doubt, not just because I'm the victim, but because the last time  I my cases you gave the agency the benefit of the doubt the Agency hood winked the commission.  The agency invoked the Doctrine of Frustration when they breached the our NSA agreement and this commission granted them a win on what it through what the commission perceived as the Agency's valor alone,

6

against the it previous case file of Lawrence S. Lomax (complaint) vs R. James Nicholson, Secretary Department of Veterans Affairs (Agency), request No 0520080115, and Appeal number 0720070039

Only to find out in the ROI for case that followed of ARREDSTON15AUG04058 that the agency had lied to the commission, as there were more than the two person that knew of the ARREDSTON13JUL02070 NSA, that the Agency management has been cited in the case for perjury, and that they clearly mention in the ROI that they never intended to follow through with the Army commander agreement of the NSA in the first place.

I wish you would read all of my cases, at least the ones that have ROI's and see just what this agency has done to me .... It just heart sinking. So I keep filing when they use the Union president to reach me, or the Team lead, or Agency management here to do so, what else I can do. My cases of ARREDSTON17MAY01829, ARREDSTON13JUL02070, ARREDSTON15AUG04058, ARREDSTON16JAN00877, and ARIMCOMHQ17SEP04181 should be viewed in context that I have several case.

In any case this is my brief for reconsideration, I ask that this Commission remand this case back to the Agency for immediate investigation so the commission can have all the investigated facts before it dismiss my complaint on the claims contextual bases.


Respectfully,
David Hawthorne,
Juris Doctor (J.D.) candidate
first year law student
Phone: 256-955-7948
david.hawthorne8.civ@mail.mil