Case 5:18-cv-00689-MHH   Document 16-9   Filed 06/15/18   Page 1 of 17

exhibit 10

FILED
2018 Jun-15 PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA



**DEPARTMENT OF THE ARMY**
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMPLIANCE AND COMPLAINTS REVIEW**
5825 21ST STREET, BLDG 214, ROOM 129
FORT BELVOIR, VA 22060-5921

September 7, 2017

SAMR-EO-CCR

Mr. Carlton M. Hadden
Director, Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE, Suite 5SW12G
Washington, DC 20507
**(ATTN: Craig Barkley/Sherise Callwood/Miwa Vickovic)**

                              RE: Complaint of David Hawthorne
                                  v. Ryan D. McCarthy, Acting Secretary
                              Department of the Army
                              DA Docket #(s): ARREDSTON17MAY01829
                              **OFO Docket#: 0120172813**
                              OFO Filed Date: 08/09/2017
                              **OFO Extension Granted: N/A**

Dear Mr. Hadden:

     Information on the above referenced equal employment opportunity complaint is forwarded for one of the following reasons:

☐    Case file(s) forwarded in keeping with your request.

☐    Case file(s) previously forwarded. Agency brief is enclosed.

☒    **Agency brief in response to appellants appeal via FedSEP.**

☐    Agency comments opposing appellant's request for reconsideration are enclosed. via FedSEP

☐    Agency comments requesting reconsideration are enclosed.

☐    Above appeal appears to be a duplicate of appeal #

☐    Final Agency Decision has been rescinded. Request cancellation of subject appeal.



Start:
☐ Complaints have been filed in District Court. Request cancellation of subject appeal.

☐ Final Agency Decision has not been rendered. Request subject appeal is canceled as premature.

☐ Negotiated Settlement Agreement has resolved the subject appeal.

☐ Agency comments re: Petition for Enforcement enclosed.

☐ Other.

Sincerely,

Spurgeon A. Moore
Director, Equal Employment Opportunity
Compliance and Complaints Review

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## OFFICE OF FEDERAL OPERATIONS

| | | |
|---|---|---|
| DAVID HAWTHORNE | ) | OFO Docket # 0120172813 |
| | ) | |
| Appellant | ) | |
| vs. | ) | |
| | ) | |
| RYAN D. MCCARTHY | ) | Agency # ARREDSTON17MAY01829 |
| ACTING SECRETARY, | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Agency | ) | |

## AGENCY BRIEF

The Department of the Army opposes the appeal in the Equal Employment Opportunity complaint of **David Hawthorne v. Ryan D. McCarthy Acting Secretary of the Army.**

## DISCUSSION

This alleged discriminatory acts that gave rise to this complaint involved union activity that is protected under the Federal Service Labor-Management Relations Statute, 5 U.S.C. Chapter 71. To the extent that the union officials may have acted outside the scope of their representational capacity and therefore lack status protection under Title 5, they did so during non-duty hours, off Redstone Arsenal in private communications with each another. To avoid a potential violation of the Federal Service Labor-Management Relations Statute and embroiling the US Army in a private dispute, the Director, Garrison Redstone EEO Office dismissed the complaint in its entirety, citing *"29 CFR 1614.107(a)(1) ... Reason, Failure to State a Claim."* This appeal should be denied accordingly.

In his formal complaint that is subject to this appeal, Appellant complained of alleged discriminatory action based on sex and reprisal. At the time of his initial contact with the Garrison Redstone EEO Office, on May 31, 2017, Appellant was an officer in the American Federation of Government Employees (AFGE) Local 1858. As a Department of the Army Civilian Employee, Appellant was assigned to the US Army Logistics Support Activity (LOGSA). The President of AFGE Local 1858, Mr. Abner Merriweather, another Department of the Army Civilian Employee, was assigned to US Army Aviation and Missile Research, Development, and Engineering Center (AMRDEC). In an email to the Garrison EEO Office, Appellant characterized the union president and himself as *"coworkers here on the arsenal"* [See *"Exhibit I"* of *"Plaintiff Brief against Agency Final Agency Decision (FAD)"*]; however, that is somewhat misleading because over 11,000 Department of the Army Civilian Employees work on Redstone Arsenal, Alabama. Although both LOGSA and AMRDEC are located on Redstone Arsenal and are subordinate activities of US Army Materiel Command, LOGSA and ARMDEC are separate military organizations. There is no direct organizational relationship between LOGSA and AMRDEC. Each has its own commander, a recognized bargaining unit, and a specific collective bargaining agreement. Further, no official duty connection existed between Appellant and the President, AFGE Local 1858 at the time of the alleged discrimination. Neither a supervisor-subordinate nor an office co-worker relationship existed or exists between Mr. Hawthorne and Mr. Merriweather. They work under different command structures, answer to different supervisory chains, and belong to different bargaining units. See *"Declaration Under Penalty of Perjury"* attached as Exhibit A of this brief.

According to the EEO Counselor's Report, Appellant believed he was discriminated against in a series of communications that began *"when on 30 May 2017, while* [Appellant] *was*

2

*attending happy hour in a bar, Mr. Abner Merriweather* [President, AFGE Local 1858] ... *walked up to him and asked his female companion, 'You know what we call him ... we call him Boo Boo.'"* Two weeks later, on June 13, 2017, The President of AFGE Local 1858 informed Appellant that, *"effective immediately, [he was] being removed from [his] appointed position of Assistant Vice President for the LOGSA employees."* See Exhibit B. That same day, the President of AFGE Local 1858 sent a separate letter to various US Army officials advising them that *"effective immediately, Mr. David Hawthorne has been removed from the position of Assistant Vice President for the LOGSA employees."* See Exhibit C.

During the informal counseling phase leading up to the formal complaint that is subject to this appeal, the EEO Counselor took a witness statement from the President of AFGE Local 1858. According to the EEO Counselor's Report, DA Form 7510, Section XIb, **Mr. Merriweather admitted calling Appellant "*Boo Boo,*" but denied asking Appellant "*to cook for him.*"** According to the EEO Counselor's Report, *"Mr. Merriweather indicated he removed the* [Appellant] *as the AFGE Local assistant vice president because of the EEO Precomplaint alleging sexual harassment he submitted against him. He stated as the union president, he has to consult with his people and he wouldn't feel comfortable meeting with the* [Appellant] *alone since the* [Appellant] *feels Mr. Merriweather tried to talk to him sexually."* See Exhibit D.

Following his removal from union office, Appellant apparently believed that he was the victim not only of sexual harassment but also of reprisal. The EEO Counselor's Report, Section V, indicates that, *"The Aggrieved added reprisal as a basis for this complaint because after he filed this EEO complaint against Mr. Merriweather, Mr. Merriweather removed him from the position as the AFGE Local assistant vice president."* See Exhibit D.

In Block 10 of his formal complaint, DA Form 2590, Appellant began his lengthy explanation of the alleged discrimination as follows, "*I, David Hawthorne, Plaintiff timely filed a lawful sexual harassment complaint with the Army EEO office at Redstone Arsenal on 05/31/2017 on Abner Merriweather the President of AFGE Local 1858, against AFGE Local 1858.*" What follows in his formal complaint is a litany of allegations against the union and its officers.

In his formal complaint, Appellant repeatedly cited Whitmire v. Department of the Air Force, EEOC Appeal No. 01A00340 (26 September 2000); however that case had nothing to do with protected union activity. The facts in Whitmire involved "*protected*" EEO activity under Title VII of the Civil Rights. Nowhere in his lengthy brief and addendum does Appellant cite any case as legal authority for the Agency to interfere in internal union business. The controlling case law is quite the contrary.

Appellant has failed to present any evidence that any union official(s) acted on behalf of the US Army. As a general rule, discriminatory actions are not within the purview of EEOC regulations if the alleged discriminating union official acts in his or her representational capacity. That is the situation, here, as evidenced by the two letters signed by the President of AFGE Local 1858, on June 13, 2017, that gave rise to Appellant's claim of discrimination based on reprisal. Both were sent on AFGE Local 1858 letterhead. See Exhibits B & C. See Bray v. Department of the Treasury, EEOC Request No. 05940748 (23 March 1995). See also Collier v. Department of Commerce, EEOC Appeal No. 01A13194 (2001), where "*a coworker and union official's decision to remove* [a] *complainant from his position as union steward ... d*[id] *not articulate a claim against agency action, but rather reflect*[ed] *the action of a union official acting in her union capacity.*" The EEOC has repeatedly found that actions taken by union officials in their representational capacity concerning protected matters are not actionable under EEOC

4

regulations and complaints of such action *"fail to state a claim"* and may be properly dismissed by the Agency. See Collier v. Department of Commerce, EEOC Appeal No. 01A13194 (2001) & Smith v. Department of Veterans Affairs, EEOC Appeal No. 01A32477 (28 July 2003).

It is well settled that a Federal agency has *"no authority to control or limit legitimate activities of a union."* See Smith v. Department of Veterans Affairs, EEOC Appeal No. 01A32477 (28 July 2003). In addition to the two letters, some of the oral communications and text messages attributed to Mr. Merriweather must be viewed as protected union representational communications or internal union matters. To the extent that the alleged bar room banter and text messages are devoid of any union content and lack protection under Title 5, Mr. Merriweather and the Appellant were engaged in private communications unrelated to their official duties with no connection to the US Army or their respective military organizations.

The standard for upholding an Agency's final decision to dismiss a formal EEO complaint for failure to state a claim is whether the conduct, if true, would constitute an unlawful employment practice under the EEO statutes. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the complainant cannot prove a set of facts in support of the claim which would entitle the complainant to relief. The alleged harassing incidents and remarks must be considered in the light most favorable to the complainant to determine whether they are sufficient to state a claim. Cobb v. Department of Treasury, EEOC Request No. 05970077 (13 March 1997).

The Appellant has failed to present any evidence that the union or any union official colluded or acted in concert with the US Army. Instead, the record clearly reveals protected union activity. Nothing of which Appellant complains relates to an employment matter for which the US Army is responsible under the EEO statutes.

5

Finally, in his brief and its addendum, Appellant raises new claims in an attempt to salvage the claims dismissed by the Director, Redstone EEO Office. Similar to his prior claims, these new claims involve protected union activity and cannot be remedied in this forum.

## CONCLUSION

Based upon the foregoing, the Agency's final decision dismissing the complaint in its entirety should be affirmed.

# DECLARATION UNDER PENALTY OF PERJURY
## Pursuant to 28 U.S.C. § 1746

1. I am currently a Human Resources Specialist (Employee Relations/Labor Relations), GS-201-12, with the Redstone Arsenal Civilian Personnel Advisory Center (RSA CPAC). I have over 30 years of experience in the personnel field and have worked in this particular position since 2 November 2015. My primary responsibilities include assisting appropriated fund managers and employees with all aspects of employee relations work which generally includes leave administration, disciplinary actions (informal and formal), adverse actions, employee grievances and appeals, and performance management. The CPAC provides servicing to approximately 11,417 Department of the Army Civilian Employees.

2. The CPAC provides service to a number of Department of Army Organizations located on Redstone Arsenal, among them the US Army Logistics Support Activity (LOGSA) and the US Army Aviation and Missile Research, Development and Engineering Center (AMRDEC). The AMRDEC is a subordinate command which reports to Headquarters, US Army Material Command through the US Army Research, Development and Engineering Command located at Aberdeen Proving Ground, MD. LOGSA is a separate reporting activity which reports directly to the HQ Army Material Command G3/4. There is no direct organizational relationship between LOGSA and AMRDEC. Each has its own commander, a recognized bargaining unit, and a specific collective bargaining agreement.

3. Mr. David Hawthorne is assigned to LOGSA as a General Engineer, GS-801-13, in the LOGSA Global Support Center. Mr. Abner Merriweather is an Electronics Engineer, DB-855-03 in the AMRDEC Engineering Directorate. To the best of my knowledge, there is no connection between Mr. Hawthorne's official duties and Mr. Merriweather's official duties. The LOGSA and AMRDEC missions are not similar; Mr. Hawthorne and Mr. Merriweather work under different command structures, answer to different supervisory chains, and belong to different bargaining units.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 6 September 2017.

*[signature]*
Kitty L. Williams, HR Specialist (Employee Relations/Labor Relations)

Exhibit A



# American Federation of Government Employees
## LOCAL 1858
BUILDING 3202
REDSTONE ARSENAL, ALABAMA 35898-0001
PHONE NO.: 881-7430, 876-4880
FAX NO.: 955-8846
AFFILIATED WITH THE AFL-CIO

June 13, 2017

Mr. David Hawthorne
Bldg 3305
LOGSA – AOAP
Redstone Arsenal, AL 35898

Dear Mr. Hawthorne:

This is to inform you that effective immediately, you are being removed from your appointed position of Assistant Vice President for the LOGSA employees.

This action has been taken because on numerous occasions you have made slanderous and untrue accusations against this AFGE Local 1858 Union President to individuals in person and in writing. You have also conducted a personal vendetta against this President in order to denigrate my reputation and my position as AFGE Local 1858 President. In accordance with Article XXIII, Section 2(e) of the American Federation of government Employees AFL-CIO Constitution dated, August 2015, it is my intent to prefer charges against you with the Local Executive Board who shall appoint a Committee of Investigation for you engaging in conduct unbecoming a union member.

Sincerely,

Abner Merriweather, President
AFGE Local 1858

**Building A Safer and Stronger America Through Unity**

Exhibit B



# American Federation of Government Employees
## LOCAL 1858
BUILDING 3202
REDSTONE ARSENAL, ALABAMA 35898-0001
PHONE NO.: 881-7430, 876-4880
FAX NO.: 955-8846
AFFILIATED WITH THE AFL-CIO

June 13, 2017

Ms. C. Regina Reese-Gilchrist, Chief
LMER Division
Civilian Personnel Advisory Center
Bldg. 3458 Aerobee Road
Redstone Arsenal, AL 35898

Dear Ms. Gilchrist:

This is to advise you that effective immediately, Mr. David Hawthorne has been removed from the position of Assistant Vice President for the LOGSA employees.

Sincerely,

Abner Merriweather, President
AFGE Local 1858

CF: Col John D. Kuenzli, LOGSA Commander
Mr. James B. Baker, Supervisor
Ms. Theodora Stewart, Assistant President, AFGE Local 1858
Ms. Palmer Milton-Walker, Executive Vice President, AFGE Local 1858
Ms. Michelle Perrin, AFGE Local 1858 LOGSA Vice President
Mr. David Hawthorne

**Building A Safer and Stronger America Through Unity**

Exhibit C

| EEO COUNSELOR'S REPORT | 1. DA DOCKET NUMBER |
|---|---|
| For use of this form see AR 690-600, the proponent agency is OSA. | ARREDSTON17MAY01829 |

### PRIVACY ACT STATEMENT (5 U.S.C. §552a)

**AUTHORITY:** Public Law 92-261

**PRINCIPAL PURPOSE:** Used for processing of complaints of discrimination because of race, color, national origin, religion, sex, age, physical and/or mental disability, or reprisal by Department of the Army civilian employees, former employees, applicants for employment and some contract employees.

**ROUTINE USES:** Information will be used (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts; (b) to respond to general requests for information under the Freedom of Information Act; (c) to respond to requests from legitimate outside individuals or agencies (White House, Congress, Equal Employment Opportunity Commission) regarding the status of a complaint or appeal; or (d) to adjudicate complaint or appeal.

**DISCLOSURE:** Voluntary, however, failure to complete all appropriate portions of this form may lead to delay in processing and/or rejection of complaint on the basis of inadequate data on which to continue processing.

### SECTION I - PRE-COMPLAINT INTAKE INTERVIEW

| 2. NAME OF AGGRIEVED (Print-Last, First, Middle Initial) | | 3. JOB TITLE |
|---|---|---|
| Hawthorne, David | | General Engineer |

| 4. PAY PLAN/SERIES/GRADE | 5. DUTY ORGANIZATION (Complete address including office symbol) |
|---|---|
| GS-0801-13 Step 3 | Logistics Support Activity (LOGSA)<br>3207 Mauler Road<br>Redstone Arsenal, AL 35898 |

| 6. WORK TELEPHONE | 7. HOME TELEPHONE | 8. HOME ADDRESS |
|---|---|---|
| 256-955-7948 | 256-694-1290 | 974 Bell Factory Road, Huntsville, AL 35811 |

| 9. DATE OF ALLEGED DISCRIMINATORY ACTION (YYYYMMDD) | 10. 45TH CALENDAR DAY AFTER EVENT (YYYYMMDD) | 11. REASON FOR DELAYED CONTACT BEYOND 45 DAYS, IF APPLICABLE |
|---|---|---|
| 20170530 | 20170714 | |

| 12. DATE OF INITIAL CONTACT WITH EEO OFFICIAL (YYYYMMDD) | 13. 30TH CALENDAR DAY AFTER INITIAL CONTACT WITH EEO OFFICIAL (YYYYMMDD) | 14. 90TH CALENDAR DAY AFTER INITIAL CONTACT WITH EEO OFFICIAL (YYYYMMDD) | 15. DATE COUNSELING EXTENSION GRANTED, IF APPLICABLE (YYYYMMDD) |
|---|---|---|---|
| 20170531 | 20170630 | 20170829 | |

| 16. DATE PRE-COMPLAINT INTAKE INTERVIEW CONDUCTED (YYYYMMDD) | 17. PRE-COMPLAINT INTAKE INTERVIEW CONDUCTED: |
|---|---|
| 20170605 | ☐ Telephonically  ☒ In-Person  ☐ Other (facsimile/e-mail) |

### SECTION II - ORGANIZATION WHERE ALLEGED DISCRIMINATION OCCURRED (Complete address including office symbol)

Logistics Support Activity (LOGSA)
3207 Mauler Road
Redstone Arsenal, AL 35898

### SECTION III - RESPONDING MANAGEMENT OFFICIAL(s) INFORMATION (include name, complete work address and phone number if known.)

Abner Merriweather
Union President (American Federation of Government Employees)
3202 Mauler Road
Redstone Arsenal, AL 35810
256-864-0354

DA FORM 7510, JUL 2010

Page 1 of 5
APD LC v1.00ES



Exhibit D


**SECTION IV - BASIS OF COMPLAINT** *(Identify specific race, color, religion, national origin, disability, age, sex, or reprisal if alleged.)*

- [ ] RACE _____  [ ] COLOR _____  SEX [X] Male [ ] Female
- [ ] AGE _____ DATE OF BIRTH _____  [ ] NATIONAL ORIGIN _____
- [ ] RELIGION _____ DISABILITY [ ] Mental _____ [ ] Physical _____
- [X] REPRISAL this complaint (ARREDSTON17MAY01829)

*(Date(s) of prior EEO activity)*

**SECTION V - MATTER (s) GIVING RISE TO COMPLAINT** *(Specify who, what, where, and when.) (Use additional sheet of paper if necessary.)*

The Aggrieved, David Hawthorne, GS-0801-13, General Engineer, Logistics Support Activity, 3207 Mauler Road, Redstone Arsenal, AL 35898, feels as though he was discriminated against on the bases of sex (Male) and subject to harassment (sexual) when on 30 May 2017, while he was attending happy hour in a bar, Mr. Abner Merriweather, sex (male) and a female companion, Janice, that the Aggrieved knows, walked up to him and asked his female companion, "You know what we call him ... we call him Boo Boo".

The Aggrieved stated that he then turned around from eating his meal and said to Mr. Merriweather, "Abner do not call me that, and don't tell people that you and other people call me that because you don't". The Aggrieved indicated that Mr. Merriweather continued to call him "my Boo Boo." He said he stated vociferously and with the sternest face, "Abner I'm serious, don't refer to me as that, that's not my name." But Mr. Merriweather continued to call him that. He stated Mr. Merriweather did it to the point that two patrons in the establishment came to his aid and ask him to stop. The Aggrieved stated as Mr. Merriweather and his companion sat with him at the bar, Mr. Merriweather continued to call him "Boo Boo."

The Aggrieved stated that Mr. Merriweather text him at 3 o'clock the next morning about that matter. He indicated that on 20 May 2017, he ask him with a third party, Judith Jackson, on the phone to cook for him. The Aggrieved said he was offended by the remark told him so.

The Aggrieved feels that several text messages sent to him by Mr. Merriweather will validate his claim of sexual harassment.

The Aggrieved feels that as his position as the AFGE Local assistant vice president, he is working in some form of hostile work environment that he can't really explain. He feels by Mr. Merriweather's position as the president of the AFGE, it's causing him harm. The Aggrieved states that Mr. Merriweather has said on occasions that the union president's position is equal to that of a general officer. So the Aggrieved indicated that he doest not know where his power is to fight back?

The Aggrieved also stated that he feels as though his character was defamed by Mr. Merriweather in the form of slander and libel. He stated that on two different occasions, he doesn't remember the dates, that Mr. Merriweather intentionally and without regard to his objections and insistence for him to stop, defamed him in public places and/or settings, causing him harm emotionally and causing harm to his reputation when he made reference to him in a sexual way.

The Aggrieved added reprisal as a basis for this complaint because after he filed this EEO complaint against Mr. Merriweather, Mr. Merriweather removed him from the position as the AFGE Local assistant vice president.

**SECTION VI - RELIEF SOUGHT**

1) $300,00 for compensation for harm of humiliation, pain and suffering of being sexually harassed and defamation of character.

Exhibit D

| SECTION VII - RIGHTS AND RESPONSIBILITIES |
|---|
| THE AGGRIEVED WAS PROVIDED WITH THE AGGRIEVED PERSON'S RIGHTS AND RESPONSIBILITIES NOTICE AND WAS SPECIFICALLY ADVISED OF THE FOLLOWING: |
| [X] The basis (es) for filing pre-complaint, formal complaint, and/or class complaint, and of right to file a formal complaint of discrimination. |
| [X] The pre-complaint, formal and/or class complaint process. |
| [X] The 45-day calendar requirement from effective date of personnel action or of the date of the matter alleged to be discriminatory. |
| [X] The role of the EEO counselor, including that the counselor is not an advocate for either the aggrieved person or the agency and acts strictly as a neutral. |
| [X] The activity's Alternate Dispute Resolution (ADR) Program and right to elect either ADR (if offered) or traditional EEO counseling. |
| [X] The right to remain anonymous during the pre-complaint process. |
| [X] The right to representation throughout the complaint process. |
| [X] Responsibility of the aggrieved to notify the EEO office in writing of any change in address and/or phone number. |
| [X] Responsibility of the aggrieved to notify the EEO office in writing of non-attorney or attorney representation, including address and phone number. |
| [X] The possible election requirement between a negotiated grievance procedure, MSPB procedure and the EEO complaint process. |
| [X] The election options in age and wage-based discrimination complaints. |

### SECTION VIII - ELECTION OF REPRESENTATION

[ ] ATTORNEY    [ ] NON-ATTORNEY    [X] NON-REPRESENTATIVE

| NAME OF REPRESENTATIVE | | ADDRESS | |
|---|---|---|---|
| TELEPHONE NUMBER | FAX | | E-MAIL |

### SECTION IX - ALTERNATE DISPUTE RESOLUTION (ADR)

[X] Matter determined not appropriate for ADR    _____ (Aggrieved must sign and date)

[ ] Matter determined appropriate for ADR    _____ (EEO Officer must initial and date)

[ ] Wishes to participate in ADR, if offered    _____ (EEO Officer must initial and date)

Date of written offer of ADR _____
Date of Agreement to Participate in ADR _____
Name of assigned ADR facilitator/mediator _____
Date ADR facilitator/mediator assigned _____

**Result of ADR:**

[ ] ADR was successful. Negotiated settlement agreement, signed on _____ (YYYYMMDD), is attached.

[ ] ADR was not successful. The aggrieved was issued a Notice of Right to File a Formal Complaint of Discrimination on _____ (YYYYMMDD) and notified of requirement to file a formal complaint within **15 calendar days** after receipt of Notice of Right to File. The aggrieved was provided a DA Form 2590, Formal Complaint of Discrimination.

### SECTION X - TRADITIONAL EEO COUNSELING (EEO official to complete only those which apply.)

[X] Election of traditional counseling.
Name of assigned EEO counselor: Brenda Joyce Cammon
Date EEO counselor assigned: 20170614

[ ] Election to remain anonymous.

[X] Election to waive right to remain anonymous.

[ ] Declined to pursue matter under Title VII.

Exhibit D

## SECTION XI - WITNESS INQUIRY

**a. Witness Information** *(List all witness data here. Number sequentially and include name, title, organization, phone number, and relevant basis(es) information.)*

1. Abner Merriweather, Union President of the American Federation of Government Employees, 256-876-4880, Sex (male), Reprisal (Mr. Merriweather is aware of a previous EEO complaint because he was the Aggrieved's representative.)

**b. Witness Statements**

1. Mr. Abner Merriweather, AFGE president, stated on 30 May 2017 when he walked into the bar with his friend, he saw the Aggrieved and was happy to see him. He indicated he did acknowledge him as "Boo Boo" and was shocked when the Aggrieved got upset with him, so he became upset also and called him "Boo Boo" again.

He stated they are friends and always clown around. Mr. Merriweather said "Boo Boo" is just a term and he had no idea that the Aggrieved felt it was sexual.

Mr. Merriweather stated the Aggrieved walked toward him and was hovering over him in an aggressive manner; the Aggrieved was also touching him. Mr. Merriweather said he doesn't remember the two patrons asking him to stop; however, he said someone that he didn't know came and separated them and then the Aggrieved walked back to his chair. Mr. Merriweather stated that he continued to call the Aggrieved "Boo Boo" because he was still upset.

Mr. Merriweather stated he never asked the Aggrieved to cook for him.

Mr. Merriweather stated the incident bothered him, so early the next morning, he text the Aggrieved stating the next time he comes up to him like that, in his space, he will press charges. He also wrote that he realized that the Aggrieved was sensitive and told him he was sorry for calling him "Boo Boo." Mr. Merriweather stated he apologized but the Aggrieved refused to accept it.

Mr. Merriweather indicated he removed the Aggrieved as the AFGE Local assistant vice president because of the EEO Precomplaint alleging sexual harassment he submitted against him. He stated as the union president, he has to consult with his people and he wouldn't feel comfortable meeting with the Aggrieved alone since the Aggrieved feels Mr. Merriweather tried to talk to him sexually.

DA FORM 7510, JUL 2010

Page 4 of 5
APD LC v1.00ES

Exhibit D

## SECTION XI - WITNESS INQUIRY (Cont'd)

**Witness Statements (Cont'd)**

**c. Documents Reviewed (List)**

1) Text messages and emails between the aggrieved and Mr. Merriweather from March 23 - May 31, 2017
2) E-mail from the Aggrieved to Brenda Joyce Cammon (EEO Counselor), Subject: EEO Complaint against Abner Merriweather, dated June 15, 2017

**d. Reviewed Documents Revealed**

1) There were text messages and emails between the Aggrieved and Mr. Merriweather - discussion and disagreements among them
2) The Aggrieved indicating he has added reprisal as another basis for his complaint #ARREDSTON17MAY01829 against Mr. Abner Merriweather.

## SECTION XII - OUTCOME OF PRE-COMPLAINT INQUIRY

[X] Resolution was not accomplished, therefore, I conducted the final interview with aggrieved on __20170615__ (YYYYMMDD) at which time I informed the aggrieved of the full scope of my inquiry and the reason(s) articulated by management for action(s) taken. I provided the aggrieved with a Notice of Right to File a Formal Complaint of Discrimination and a DA Form 2590, Formal Complaint of Discrimination. The aggrieved is aware of the requirement to file a formal complaint within **15 calendar days** of the final interview if not satisfied with the results of my inquiry.

[ ] Resolution was accomplished. Negotiated settlement agreement, signed on _____ (YYYYMMDD), is attached.

| PRINTED NAME OF EEO COUNSELOR | SIGNATURE OF EEO COUNSELOR | |
|---|---|---|
| Brenda Joyce Cammon | CAMMON BRENDA J 1120640986 | |
| Attachments: 1. Extension of counseling (if applicable) 2. Copies of reviewed documents | | DATE SUBMITTED TO EEO OFFICER (YYYYMMDD) 20170616 |

DA FORM 7510, JUL 2010

Page 5 of 5
APD LC v1.00ES


Exhibit D

# DEPARTMENT OF THE ARMY
# EQUAL EMPLOYMENT OPPORTUNITY COMPLIANCE
# AND COMPLAINTS REVIEW

David Hawthorne  
    Appellant

DA Docket # ARREDSTON17MAY01829

v.

OFO Docket#: 0120172813

Ryan D. McCarthy, Acting Secretary  
Department of the Army

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I **submitted the agency brief to EEOC-OFO in response to appellants appeal via EEOC FedSEP** to the Equal Employment Opportunity Commission, Officer of Federal Operations (EEOC-OFO). In addition, I hereby certify that a copy of the transmittal letter and agency comments to EEOC-OFO is furnished to the following parties:

**First Class Mail:**  
David Hawthorne  
974 Bell Factory Road  
Huntsville, AL 35811  
**david.hawthorne@alumni.uah.edu**

**Electronic Mail:**  
U.S. Army Garrison – Redstone Arsenal  
EEO Office/IMRE-EE/Jennifer Thompson, EEOO  
Building 3457 Aerobee Road, Room 103  
Redstone, AL 35898-0001  
**jennifer.s.thompson.civ@mail.mil**

U.S. Army Aviation and Missile Command  
Office of the Staff Judge Advocate  
AMC Legal Center – Redstone Arsenal  
Sparkman Center, Building 5300, Room 5462  
ATTN: AMSAM-L-G-G (Scott Frye)  
Redstone Arsenal, AL 35898  
**brian.s.frye.civ@mail.mil**

Date: 9/7/2017

_____  
EEO Specialist