Case 5:18-cv-00689-MHH   Document 16-10   Filed 06/15/18   Page 1 of 11

Exhibit 11

https://www.eeoc.gov/eeoc/history/35th/thelaw/eeo_1972.html

FILED
2018 Jun-15 PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

  

| History | Milestones | The Law | Voices | Visions |

*For historical purposes, this is the original text of the law, without any subsequent amendments. For the current texts of the laws we enforce, as amended, see Laws Enforced by the EEOC.*

An Act

To further promote equal employment opportunities for American workers.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act may be cited as the "Equal Employment Opportunity Act of 1972".

SEC. 2.

Section 701 of the Civil Rights Act of 1964 (78 Stat. 253; 42 U.S.C. 2000e) is amended as follows:

(1) In subsection (a) insert "governments, governmental agencies, political subdivisions," after the word "individuals".

(2) Subsection (b) is amended to read as follows:

"(b) The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year, and any agent of such a person, but such term does not include (1) the United States a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of title 5 of the United States Code), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of the Internal Revenue Code of 1954, except that during the first year after the date of enactment of the Equal Employment Opportunity Act of 1972, persons having fewer that twenty-five employees (and their agents) shall not be considered employers."

(3) In subsection (c) beginning with the semicolon strike out through the word "assistance".

(4) In subsection (e) strike out between "(A)" and "and such labor organization", and insert in lieu thereof "twenty-five or more during the first year after the date of enactment of the Equal Employment Opportunity Act of 1972, or (B) fifteen or more thereafter,".

(5) In subsection (f), insert before the period a comma and the following: "except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate

adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision."

(6) At the end of subsection (h) insert before the period a comma and the following: "and further includes any governmental industry, business, or activity".

(7) After subsection (i) insert the following new subsection (j): "(j) The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."

SEC. 3.

Section 702 of the Civil Rights Act of 1964 (78 Stat. 255; 42 U.S.C. 2000e-1) is amended to read as follows:

"SEC. 702.

This title shall not apply to an employer with respect to the employment of aliens outside any State, or to a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities."

SEC. 4.

(a) Subsections (a) through (g) of section 706 of the Civil Rights Act of 1964 (78 Stat. 259; 42 U.S.C. 2000e-5(a) - (g)) are amended to read as follows:

"SEC 706.

(a) The Commission is empowered, as hereinafter provided, to prevent any person from engaging in any unlawful employment practice as set forth in section 703 or 704 of this title.

"(b) Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice , the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the 'respondent') within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires. Charges shall not be made public by the Commission. If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action. In determining whether reasonable cause exists, the Commission shall accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law pursuant to the requirements of subsections (c) and (d). If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more that $1,000 or imprisoned for not more than one year, or both. The Commission shall make its termination on reasonable cause as promptly as possible and, so far as practicable, not later

than one hundred and twenty days from the filing of the charge or, where applicable under subsection (c) or (d), from the date upon which the Commission is authorized to take action with respect to the charge.

"(c) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a) by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.

"(d) In the case of any charge filed by a member of the Commission alleging an unlawful employment practice occurring in a State or political subdivision of a State which has a State or local law prohibiting the practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, the Commission shall, before taking any action with respect to such charge, notify the appropriate State or local officials and, upon request, afford them a reasonable time, but not less than sixty days (provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective day of such State or local law), unless a shorter period is requested, to act under such State or local law to remedy the practice alleged.

"(e) A charge under this section shall be field within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, which ever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

"(f)(1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d), the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision. If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eight days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving

a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. Upon timely application, the court may, in its discretion, permit the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more that sixty days pending the termination of State or local proceedings, described in subsections (c) or (d) of this section or further efforts of the Commission to obtain voluntary compliance.

"(2) Whenever a charge is filed with the Commission and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this Act, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge. Any temporary restraining order or other order granting preliminary or temporary relief shall be issued in accordance with rule 65 of the Federal Rules of Civil Procedure. It shall be the duty of a court having jurisdiction over proceedings under this section to assign cases for hearing at the earliest practicable date and to cause such case to be in every way expedited.

"(3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28 of the United States Code, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

"(4) It shall be the duty of the chief judge of the district (or in his absence, the acting chief judge) in which the case is pending immediately to designate a judge in such district to hear and determine the case. In the event that no judge in the district is available to hear and determine the case, the chief judge of the district, of the acting chief judge, as the case may be, shall certify this fact to the chief judge of the circuit (or in his absence, the acting chief judge) who shall then designate a district or circuit judge of the circuit to hear and determine the case.

"(5) It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. If such judge has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge may appoint a master pursuant to rule 53 of the Federal Rules of Civil Procedure.

"(g) If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to,

reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more that two years prior to the filing of a charge with the Commission. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable. No order of the court shall require the admission or reinstatement of an individual as a member of a union, or the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended, or expelled, or was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex, or national origin or in violation of section 704(a)."

(b)(1) Subsection (i) of section 706 of such Act is amended by striking out "subsection (e)" and inserting in lieu thereof "this section".

(2) Subsection (j) of such section is amended by striking out "subsection (e)" and inserting in lieu thereof "this section".

SEC. 5.

Section 707 of the Civil Rights Act of 1964 is amended by adding at the end thereof the following new subsection:

"(c) Effective two years after the date of enactment of the Equal Employment Opportunity Act of 1972, the functions of the Attorney General under this section shall be transferred to the Commission, together with such personnel, property, records, and unexpended balances of appropriations, allocations, and other funds employed, used, held, available, or to be made available in connection with such functions unless the President submits, and neither House of Congress vetoes, a reorganization plan pursuant to chapter 9 of title 5, United States Code, inconsistent with the provisions of this subsection. The Commission shall carry out such functions in accordance with subsections (d) and (e) of this section.

"(d) Upon the transfer of functions provided for in subsection (c) of this section, in all suits commenced pursuant to this section prior to the date of such transfer, proceedings shall continue without abatement, all court orders and decrees shall remain in effect, and the Commission shall be substituted as a party for the United States of America, the Attorney General, or the Acting Attorney General, as appropriate.

"(e) Subsequent to the date of enactment of the Equal Employment Opportunity Act 1972, the Commission shall have authority to investigate and act on a charge of a pattern or practice of discrimination, whether filed by or on behalf of a person claiming to be aggrieved or by a member of the Commission. All such actions shall be conducted in accordance with the procedures set forth in section 706 of this Act."

SEC. 6.

Subsections (b), (c), and (d) of section 709 of the Civil Rights Act of 1964 (78 Stat. 263; 42 U.S.C. 2000e-8(b)-(d)) are amended to read as follows:

"(b) The Commission may cooperate with State and local agencies charged with the administration of State fair employment practices laws and, with the consent of such agencies, may, for the purpose of carrying out its functions and duties under this title and within the limitation of funds appropriated specifically for such purpose, engage in and contribute to the cost of research and other projects of mutual interest undertaken by such agencies, and utilize the services of such agencies and their employees, and, notwithstanding any other provision of law, pay by advance or reimbursement such agencies and their employees for services rendered to assist the Commission in carrying out this title. In furtherance of such cooperative efforts, the Commission may enter into written agreements with such State or local agencies

and such agreements may include provisions under which the Commission shall refrain from processing a charge in any cases or class of cases specified in such agreements or under which the Commission shall relieve any person or class of persons in such State or locality from requirements imposed under this section. The Commission shall rescind any such agreement whenever it determines that the agreement no longer serves the interest of effective enforcement of this title.

"(c) Every employer, employment agency, and labor organization subject to this title shall (1) make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed, (2) preserve such records for such periods, and (3) make such reports therefrom as the Commission shall prescribe by regulation or order, after public hearing, as reasonable, necessary, or appropriate for the enforcement of this title or the regulations or orders thereunder. The Commission shall, by regulation, require each employer, labor organization, and joint labor-management committee subject to this title which controls an apprenticeship or other training program to maintain such records as are reasonably necessary to carry out the purposes of this title, including, but not limited to, a list of applicants who wish to participate in such program, including the chronological order in which applications were received, and to furnish to the Commission upon request, a detailed description of the manner in which persons are selected to participate in the apprenticeship or other training program. Any employer, employment agency, labor organization, or joint labor-management committee which believes that the application to it of any regulation or order issued under this section would result in undue hardship may apply to the Commission for an exemption from the application of such regulation or order and, if such application for an exemption is denied, bring a civil action in the United States district court for the district where such records are kept. If the Commission or the court, as the case may be, finds that the application of the regulation or order to the employer, employment agency, or labor organization in question would impose an undue hardship, the Commission or the court, as the case may be, may grant appropriate relief. If any person required to comply with the provisions of this subsection fails or refuses to do so, the United States district court for the district in which such person is found, resides, or transacts business, shall, upon application of the Commission, or the Attorney General in a case involving a government, governmental agency or political subdivision, have jurisdiction to issue to such person an order requiring him to comply.

"(d) In prescribing requirements pursuant to subsection (c) of this section, the Commission shall consult with other interested State and Federal agencies and shall endeavor to coordinate its requirements with those adopted by such agencies. The Commission shall furnish upon request and without cost to any State or local agency charged with the administration of a fair employment practice law information obtained pursuant to subsection (c) of this section from any employer, employment agency, labor organization, or joint labor-management committee subject to the jurisdiction of such agency. Such information shall be furnished on condition that it not be made public by the recipient agency prior to the institution of a proceeding under State or local law involving such information. If this condition is violated by a recipient agency, the Commission may decline to honor subsequent requests pursuant to this subsection."

SEC. 7.

Section 710 of the Civil Rights Act of 1964 (78 Stat. 264; 42 U.S.C. 2000e-9) is amended to read as follows:

"INVESTIGATORY POWERS

"SEC. 710.

For the purpose of all hearings and investigations conducted by the Commission or its duly authorized agents or agencies, section 11 of the National Labor Relations Act (49 Stat. 455; 29 U.S.C. 161) shall apply."

SEC. 8

(a) Section 703(a) (2) of the Civil Rights Act of 1964 (78 Stat. 255; 42 U.S.C. 2000e-2(a) (2) is amended by inserting the words "or applicants for employment" after the words "his employees".

(b) Section 703(c) (2) of such Act is amended by inserting the words "or applicants for membership" after the word "membership".

(c) (1) Section 704(a) of such Act is amended by inserting a comma and the following: "or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs," after "employment agency".

(2) Section 704(b) of such Act is amended by (A) striking out "or employment agency" and inserting in lieu thereof "employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs.", and (B) inserting a comma and the words "or relating to admission to, or employment in, any program established to provide apprenticeship or other training by such a joint labor-management committee" before the word "indicating".

(d) Section 705(a) of the Civil Rights Act of 1964 (78 Stat. 258; 42 U.S.C. 2000e-4(a)) is amended to read as follows:

"SEC. 705.

(a) There is hereby created a Commission to be known as the Equal Employment Opportunity Commission, which shall be composed of five members, not more than three of whom shall be members of the same political party. Members of the Commission shall be appointed by the President by and with the advice and consent of the Senate for a term of five years. Any individual chosen to fill a vacancy shall be appointed only for the unexpired term of the member whom he shall succeed, and all members of the Commission shall continue to serve until their successors are appointed and qualified, except that no such member of the Commission shall continue to serve (1) for more than sixty days when the Congress is in session unless a nomination to fill such vacancy shall have been submitted to the Senate, or (2) after the adjournment sine die of the session of the Senate in which such nomination was submitted. The President shall designate one member to serve as Chairman of the Commission, and one member to serve as Vice Chairman. The Chairman shall be responsible on behalf of the Commission for the administrative operations of the Commission, and except as provided in subsection (b), shall appoint, in accordance with the provisions of title 5, United States Code, governing appointments in the competitive service, such officers, agents, attorneys, hearing examiners, and employees as he deems necessary to assist it in the performance of its functions and to fix their compensation in accordance with the provisions of chapter 51 and sub chapter III of chapter 53 of title 5, United States Code, relating to classification and General Schedule pay rates: Provided, That assignment, removal, and compensation of hearing examiners shall be in accordance with sections 3105, 3344, 5362, and 7521 of title 5, United States Code."

(e)(1) Section 705 of such Act is amended by inserting after subsection (a) the following new subsection (b):

"(b)(1) There shall be a General Counsel of the Commission appointed by the President, by and with the advice and consent of the Senate, for a term of four years. The General Counsel shall have responsibility for the conduct of litigation as provided in sections 706 and 707 of this title. The General Counsel shall have such other duties as the Commission may prescribe or as may be provided by law and shall concur with the Chairman of the Commission on the appointment and supervision of regional attorneys. The General Counsel of the Commission on the effective date of this Act shall continue in such position and perform the functions specified in this subsection until a successor is appointed and qualified.

"(2) Attorneys appointed under this section may, at the direction of the Commission, appear for and represent the Commission in any case in court, provided that the Attorney General

shall conduct all litigation to which the Commission is a party in the Supreme Court pursuant to this title."

(2) Subsections (e) and (h) of such section 705 are repealed.

(3) Subsections (b), (c), (d), (i), and (j) of such section 705, and all references thereto, are redesignated as subsections (c), (d), (e), (h), and (i), respectively.

(f) Section 705(g)(6) of such Act, is amended to read as follows:

"(6) to intervene in a civil action brought under section 706 by an aggrieved party against a respondent other than a government, governmental agency or political subdivision."

(g) Section 714 of such Act is amended to read as follows:

"FORCIBLY RESISTING THE COMMISSION OR ITS REPRESENTATIVES

"SEC. 714.

The provisions of sections 111 and 1114, title 18, United States Code, shall apply to officers, agents, and employees of the Commission in the performance of their official duties. Notwithstanding the provisions of sections 111 and 1114 of title 18, United States Code, whoever in violation of the provisions of section 1114 of such title kills a person while engaged in or on account of the performance of his official functions under this Act shall be punished by imprisonment for any term of years or for life."

SEC. 9.

(a) Section 5314 of title 5 of the United States Code is amended by adding at the end thereof the following new clause:

"(58) Chairman, Equal Employment Opportunity Commission."

(b) Clause (72) of section 5315 of such title is amended to read as follows:

"(72) Members, Equal Employment Opportunity Commission (4)."

(c) Clause (111) of section 5316 of such title is repealed.

(d) Section 5316 of such title is amended by adding at the end thereof the following new clause:

"(131) General Counsel of the Equal Employment Opportunity Commission."

SEC. 10

Sections 715 of the Civil Rights Act of 1964 is amended to read as follows:

"EQUAL EMPLOYMENT OPPORTUNITY COORDINATING COUNCIL

"SEC. 715.

There shall be established an Equal Employment Opportunity Coordinating Council (hereinafter referred to in this section as the Council) composed of the Secretary of Labor, the Chairman of the Equal Employment Opportunity Commission, the Attorney General, the Chairman of the United States Civil Service Commission, and the Chairman of the United States Civil Rights Commission, or their respective delegates. The Council shall have the responsibility for developing and implementing agreements, policies and practices designed to maximize effort, promote efficiency, and eliminate conflict, competition, duplication and inconsistency among the operations, functions and jurisdictions of the various departments, agencies, and branches of the Federal Government responsible for the implementation and enforcement of equal employment opportunity legislation, orders, and policies. On or before July 1 of each year, the

Council shall transmit to the President and to the Congress a report of its activities, together with such recommendations for legislative or administrative changes as it concludes are desirable to further promote the purposes of this section."

SEC. 11.

Title VII of the Civil Rights Act of 1964 (78 Stat. 253; 42 U.S.C. 2000e et seq.) is amended by adding at the end thereof the following new section:

"NONDISCRIMINATION IN FEDERAL GOVERNMENT EMPLOYMENT

"SEC. 717.

(a) All personnel actions affecting employees or applicants for employment (except) with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of title 5, United States Code, in executive agencies (other than the General Accounting Office) as defined in section 105 of title 5, United States Code (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Rate Commission, in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the legislative and judicial branches of the Federal Government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

"(b) Except as otherwise provided in this subsection, the Civil Service Commission shall have authority to enforce the provisions of subsection (a) through appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies of this section, and shall issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under this section. The Civil Service Commission shall

"(1) be responsible for the annual review and approval of a national and regional equal employment opportunity plan which each department and agency and each appropriate unit referred to in subsection (a) of this section shall submit in order to maintain an affirmative program of equal employment opportunity for all such employees and applicants for employment;

"(2) be responsible for the review and evaluation of the operation of all agency equal employment opportunity programs, periodically obtaining and publishing (on at least a semiannual basis) progress reports from each such department, agency, or unit; and

"(3) consult with and solicit the recommendations of interested individuals, groups, and organizations relating to equal employment opportunity.

The head of each such department, agency, or unit shall comply with such rules, regulations, orders, and instructions which shall include a provision that an employee or applicant for employment shall be notified of any final action taken on any complaint of discrimination filed by him thereunder. The plan submitted by each department, agency, and unit shall include, but not be limited to

"(1) provision for the establishment of training and education programs designed to provide a maximum opportunity for employees to advance so as to perform at their highest potential; and

"(2) a description of the qualifications in terms of training and experience relating to equal employment opportunity for the principal and operating officials of each such department, agency, or unit responsible for carrying out the equal employment opportunity program and of the allocation of personnel and resources proposed by such department, agency, or unit to carry out its equal employment opportunity program.

With respect to employment in the Library of Congress, authorities granted in this subsection to the Civil Service Commission shall be exercised by the Librarian of Congress.

"(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection 717(a), or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 706, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

"(d) The provisions of section 706 (f) through (k), as applicable, shall govern civil actions brought hereunder.

"(e) Nothing contained in this Act shall relieve any Government agency or official of its or his primary responsibility to assure nondiscrimination in employment as required by the Constitution and statutes or of its or his responsibilities under Executive Order 11478 relating to equal employment opportunity in the Federal Government."

SEC. 12.

Section 5108(c) of title 5, United States Code, is amended by--

(1) striking out the word and" at the end of paragraph (9):

(2) striking out the period at the end of paragraph (10) and inserting in lieu thereof a semicolon and the word "and"; and

(3) by adding immediately after paragraph (10) the last time it appears therein in the following new paragraph:

"(11) the Chairman of the Equal Employment Opportunity Commission, subject to the standards and procedures prescribed by this chapter, may place an additional ten positions in the Equal Employment Opportunity Commission in GS-16, GS-17, and GS-18 for the purposes of carrying out title VII of the Civil Rights Act of 1964."

SEC. 13.

Title VII of the Civil Rights Act of 1964 (78 Stat. 253; 42 U.S.C. 2000e et seq.) is further amended by adding at the end thereof the following new section:

"SPECIAL PROVISION WITH RESPECT TO DENIAL, TERMINATION, AND SUSPENSION OF GOVERNMENT CONTRACTS

"Sec. 718.

No Government contract, or portion thereof, with any employer, shall be denied, withheld, terminated, or suspended, by any agency or officer of the United States under any equal employment opportunity law or order, where such employer has an affirmative action plan which has previously been accepted by the Government for same facility within the past twelve months without first according such employer full hearing and adjudication under the provisions of title 5, United States Code, section 554, and the following pertinent sections: Provided, That if such employer has deviated substantially from such previously agreed to affirmative action plan, this section shall not apply: Provided further, That for the purposes of this section an affirmative action plan shall be deemed to have been accepted by the

Government at the time the appropriate compliance agency has accepted such plan unless within forty-five days thereafter the Office of Federal Contract Compliance has disapproved such plan."

Sec. 14.

The amendments made by this Act to section 706 of the Civil Rights Act of 1964 shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act and all charges filed thereafter.

Approved March 24, 1972.

35th Anniversary Home                                                                 EEOC Main Site