FILED
2018 Jun-15 PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## Retaliation/Reprisal



**U.S. Equal Employment Opportunity Commission**

Retaliation/Reprisal

800-669-4000 (Voice)

800-669-6820 (TTY)

www.eeoc.gov

### EXAMPLES

If an employee testifies against his employer in a coworker's complaint and subsequently receives a negative performance review that could affect his career advancement, the employer may have retaliated.

~

If an employee was a witness in an employer's internal investigation of an EEO complaint and was later discharged because he participated in the process, the employer illegally retaliated.

~

If an employee files a charge of employment discrimination with the EEOC, and the employer fires the employee afterwards because the EEOC dismissed her charge, the employer has retaliated.

Revised September 2013

### FILING A CHARGE (involving a Private Company, or State or Local Government)

Charging Parties have either 180 or 300 days from the day they knew about the negative job action to file a charge. The longer time period applies if the employer is located in a place where a state or local government agency has laws similar to the EEOC's laws. Employees and employers may contact the EEOC directly with questions regarding how much time a person has to file a charge. EEOC encourages that people act quickly to ensure that charges are timely filed.

### FILING A COMPLAINT (Federal Government Employees Only)

The time for filing a complaint in the federal sector is 45 days from becoming aware of the harm. To satisfy this time frame, federal employees, former employees, or applicants must first contact an EEO Counselor at the agency where the claim arose—not the EEOC.

**DO YOU HAVE MORE QUESTIONS?**

1-800-669-4000

1-800-669-6820 TTY

www.eeoc.gov

# Retaliation/Reprisal

## WHAT DOES THE EEOC DO?

The EEOC enforces federal laws that prohibit discrimination by employers, employment agencies, or labor organizations against employees, applicants, or former employees because of their race, color, religion, sex, pregnancy, national origin, age (40 or older), disability, genetic information, or because they (or someone closely related to them) pursued their rights under these laws.

## WHAT IS RETALIATION/REPRISAL?

Retaliation (a.k.a. "reprisal") means treating employees badly because they complained about discrimination on the job, filed a discrimination charge or complaint, or participated in any manner in an employment discrimination proceeding.

Retaliation includes mistreatment for raising discrimination that affects others (e.g., if a man complains about sexual harassment of women, mistreating him is retaliation).

It also includes mistreatment of workers closely related to someone who has complained (e.g., if a worker's spouse filed an EEOC charge, both the worker and his spouse can claim retaliation for actions taken against the worker to deter the spouse's EEO activity).

Retaliation for complaining about conduct that does not involve employment discrimination, such as union activity or workers compensation, is not prohibited by EEOC-enforced laws (although other laws may apply).

## PROVING RETALIATION

To have a valid retaliation claim, three things must have occurred:

1. **Protected Activity:** — *opposition* to discrimination or *participation* in covered proceedings.

*Opposition* means complaining about employment discrimination, including informally:

- Manner of opposition must be reasonable.
- Opposition need only be based on reasonable and good faith belief that EEOC-enforced laws were violated.
- Complaining about discrimination by a different employer is still protected opposition.

*Participation* means filing a charge, acting as a witness, or otherwise taking part in any investigation by the EEOC or the employer, state or federal court, or any other proceeding related to employment discrimination.

- Protection against retaliation applies even if the original complaint or charge was untimely or was found to lack merit.
- Complaints involving a different employer are still protected participation.
- In the federal sector, once a federal employee initiates contact with the EEO counselor, he is engaging in "participation."

2. **Adverse action**

- Adverse actions in a retaliation claim need not qualify as "ultimate employment actions," like firing, or materially affect the terms or conditions of employment to constitute retaliation. Any action that may deter a reasonable person from protected activity is actionable
- Adverse actions can occur after the employment relationship between the complaining party and respondent has ended.

3. **Casual connection** between the protected activity and the adverse action.

- There must be evidence that the adverse action was taken because of protected activity.
- Examples include:

   1. The "smoking gun" — a written or verbal statement by an official that he took the challenged action because of the complaining party's protected activity.
   2. Evidence that the reason given for taking an action was false.
   3. Evidence that other workers without protected activity are treated better under similar circumstances.
   4. Evidence that the decision was made soon after the protected activity.