# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DAVID HAWTHORNE,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 5:18-cv-00689-MHH |
| | } |
| **CHRISTINE WORMUTH,** | } |
| Secretary, Department of the Army, | } |
| | } |
| Defendant. | |

## MEMORANDUM OPINION

In this Title VII action, David Hawthorne contends that Army EEO Director Jennifer Thompson discriminated against him based on his sex when she denied his EEO complaint.[1] The Army has asked the Court to enter judgment in its favor on Mr. Hawthorne's claim. (Doc. 123). The Army contends that Mr. Hawthorne may not pursue a Title VII claim against the EEOC or EEO Officers. This opinion resolves the Army's motion for summary judgment.

The opinion begins with a discussion of the standard that a district court uses to evaluate motions for summary judgment. Then, consistent with the summary judgment standard, the Court identifies the evidence that the parties have submitted,

---

[1] The Court previously dismissed Mr. Hawthorne's other claims. (Doc. 96).

describing the evidence in the light most favorable to Mr. Hawthorne.[2]  Finally, the Court evaluates the evidence against the legal standards that govern Mr. Hawthorne's Title VII claim.

# I.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  To demonstrate that a genuine dispute as to a material fact precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  FED. R. CIV. P. 56(c)(1)(A).  "The court need consider only the cited materials, but it may consider other materials in the record."  FED. R. CIV. P. 56(c)(3).

When considering a summary judgment motion, a district court must view the evidence in the record and draw reasonable inferences from the evidence in the light most favorable to the non-moving party.  *Sconiers v. Lockhart*, 946 F.3d 1256, 1260 (11th Cir. 2020).  Accordingly, the Court views the evidence in the light most

---

[2] The Court identifies only the evidence relevant to Mr. Hawthorne's one remaining claim.

favorable to Mr. Hawthorne and draws all reasonable inferences from the evidence in his favor.

## II.

Mr. Hawthorne is an engineer and a civilian federal employee at the United States Army Sustainment Command located at the Redstone Arsenal near Huntsville, Alabama. (Doc. 123-2, p. 1). In an April 2, 2018 email to Chanley Pickard, an Army EEO specialist, "Mr. Hawthorne began the EEO complaint process against" Jose Sanchez, a Logistics Management Specialist, and Michael Dryly, the Engineer Team Lead in Mr. Hawthorne's department. (Doc. 96, p. 24) (citing Doc. 73-10, p. 1). In an April 9, 2018 email to Katrisa Norwood in the Army EEO office, Mr. Hawthorne added a claim against David Martin, Deputy Director of LOGSA. (Doc. 73-10, p. 21). On April 25, 2018, Mr. Hawthorne emailed Ms. Norwood and asked her to add an age discrimination claim to his complaint. (Doc. 73-11, p. 4).

On July 17, 2018, Mr. Hawthorne filed a formal complaint of discrimination against Mr. Dryly, Mr. Sanchez, and Mr. Martin. (Doc. 123-5).[3] Mr. Hawthorne contends that on July 19, 2018, "Director [Jennifer] Thompson had forwarded Mr. Hawthorne's EEO complaint, and a copy of her proposed dismissal order, to Brian

---

[3] "On July 23, 2018, Mr. Hawthorne mailed a request for a hearing on this claim to the EEOC." (Doc. 96, p. 26) (citing Doc. 73-12, p. 1; Doc. 73-13, p. 2).

Frye, Army agency counsel 'for legal sufficiency review.'" (Doc. 96, pp. 27-28) (citing Doc. 73-13, p. 15; Doc. 73, pp. 39-40, 45-46, 52, ¶¶ 154, 179, 204). In response, on July 23, 2018, Mr. Frye recommended that Director Thompson "revise Mr. Hawthorne's claim in her proposed order, to more closely track" Mr. Hawthorne's "'actual words . . ..'" (Doc. 73-13, p. 15; Doc. 73, p. 52, ¶ 205). Mr. Frye indicated that, in his opinion, Mr. Hawthorne's "formal complaint" did "sufficiently state a claim for purposes of acceptance of the investigation." (Doc. 73-13, p. 15; Doc. 73, p. 39-40, 46, 52, ¶¶ 154, 180, 203).

On July 24, 2018, Director Thompson dismissed Mr. Hawthorne's EEO complaint. Director Thompson wrote:

> Dear Mr. Hawthorne:
>
> This is the Department of the Army's final decision in the above-captioned equal employment opportunity complaint filed on 17 July 2017. Your initial contact with an EEO official was 3 April 2018 and you received the Notice of Right to File a Formal Complaint of Discrimination on 6 July 2018.
>
> In your formal complaint of discrimination, you alleged discrimination on the bases/basis of Age (49, 1968) and Reprisal (ARREDSTON15AUG04058 and ARREDSTON13JUL02070) when:
>
>     a. On 29 March 2018, Michael Drylie, Team Lead, Oil and Analysis Program, LOGSA, age (39: YOB: 1979) and reprisal (previous EEO activity: unaware and none), sent an email stating you worked in the Oil and Analysis Program for five years and that he deployed different management techniques; which you feel defamed you.

> I have reviewed all of the information in the file and decided to dismiss the complaint in its entirety in accordance with 29 CFR 1614.107(a)(1), under 1614.103, and AR 690-600 Chapter 4, Section II, 4-4a(1) as follows: Failure to State a Claim. An agency may only accept an EEO complaint from an individual who has suffered direct, personal deprivation at the hands of the employer. When reprisal is alleged as a basis of a complaint, the Supreme Court determined in Burlington Northern & Santa Fe Railway Co v. White, that concrete employment actions need not be shown; however, the test to analyze the actions of an employer are whether those actions could reasonably deter an individual from filing or pursuing a complaint of discrimination in addition to an adverse employment action. The comments you allege were not accompanied by any disciplinary or other action, nor do they rise to the level that may dissuade an individual from pursuing a complaint of discrimination in the future. You failed to allege that you suffered a personal loss or harm with respect to a term, condition, or privilege of employment.

(Doc. 123-4, p. 1).

"In an August 10, 2018 email to Director [Rufus B. Caruthers, Jr.] and Director Thompson, Mr. Hawthorne began another EEO complaint process against Director Thompson for sex discrimination in her handling of Mr. Hawthorne's EEO complaint against Mr. Drylie, Mr. Sanchez, and Mr. Martin." (Doc. 96, p. 28) (citing Doc. 73-4, pp. 1-3). "Mr. Hawthorne complained that Director Thompson dismissed his EEO complaint but allowed a similar claim by another female employee." (Doc. 96, p. 28) (citing Doc. 73-4, p. 2).[4]  Mr. Hawthorne filed a formal complaint of

---

[4] Mr. Hawthorne identified Michelle Perrin as the other female employee. (Doc. 73-4, p. 2). Ms. Perrin, a black female, alleged that a supervisor "intentionally and vociferously demeaned and degraded [her], and only [her] in front of others, when [she] was speaking on work that was at the time [her] responsibility." (Doc. 123-7, p. 1). Ms. Perrin voluntarily withdrew her complaint. (Doc. 123-8, p. 1).

discrimination against Director Thompson.  (Doc. 84-1, pp. 17-22).  On July 29, 2019, Director Rufus B. Caruthers, Jr. dismissed Mr. Hawthorne's EEO complaint against Director Thompson.  (Doc. 123-3).

### III.

Mr. Hawthorne argues that the Court must decide whether "an Army EEO director, herself, [can] intentionally dismiss an EEO complaint/claims with malicious intent BASED on her discrimination towards me as a male for me just being a male, as that discrimination is outlawed under section 703 of the Civil Rights [A]ct of 1964[.]"  (Doc. 128, p. 5) (capitalization in Doc. 128).  Before answering that question, the Court must determine whether Title VII creates a private right of action against the EEOC or an EEO officer for discrimination in handling a complaint.[5]

---

[5] The Court addressed this issue in its memorandum opinion and order deciding the Army's motion to dismiss.  (Doc. 96).  There, the Court wrote:

> The Army argues that even if Mr. Hawthorne properly exhausted his discrimination claim against Director Thompson, the Court should dismiss that claim because Mr. Hawthorne cannot raise a claim challeng[ing] the process of handling another EEO complaint.  In support of its argument, the Army cites several decisions from other courts including *Newsome v. EEOC*, 301 F.3d 227 (5th Cir. 2002) (EEOC's dismissal of an underlying charge of discrimination not reviewable under the APA), *Stewart v. EEOC*, 611 F.2d 679 (7th Cir. 1979) (EEOC's failure to make a reasonable cause determination for more than two years after the filing of the original charge is not actionable under the APA); and *Georator v. EEOC*, 592 F.2d 765 (4th Cir. 1979) (EEOC's determination of reasonable cause on underlying charge of discrimination is not reviewable under the APA).  In each decision, the plaintiff challenged the administrative process.  Here, Mr. Hawthorne challenges Director Thompson's intent, arguing that [she] discriminated against him in her handling of the underlying case.  The cases on which the Army relies do not require

The Eleventh Circuit Court of Appeals has held: "There is no cause of action against the EEOC for its alleged mishandling of a discrimination complaint against a third party." *Irwin v. Miami-Dade County Public Schools*, 398 Fed. Appx. 503, 506 (11th Cir. 2010) (per curiam).[6]  In *Irwin*, the Eleventh Circuit Court of Appeals cited *Smith v. Casellas*, 119 F.3d 33 (D.C. Cir. 1997).  In *Casellas*, the appellant sought "damages based on the EEOC's alleged negligence, fraud, and other impropriety in processing a discrimination charge [the appellant] filed against his employer." *Casellas*, 119 F.3d at 34.  The D.C. Circuit Court of Appeals rejected the claim, stating:

> We affirm the district court's dismissal of the complaint and do so in a published opinion in order to join our sister circuits in holding that Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge.

---

dismissal of Mr. Hawthorne's Title VII claim pursuant to the APA.  Therefore, the Court will deny the Army's motion as it relates to Count 5.

(Doc. 96, p. 40).  Based on authority the Army cites in support of its summary judgment motion, the Court finds that Mr. Hawthorne cannot state a Title VII claim against Director Thompson because Congress did not extend Title VII to actions against EEO officers.

[6] In its motion to dismiss, (Doc. 83), and supplemental motion to dismiss for lack of jurisdiction, (Doc. 89), the Army did not cite to *Irwin* for the proposition that "[c]ourts have consistently held that Title VII does not provide for judicial review of the EEO process," (*see* Doc. 89, p. 5).

*Casellas*, 119 F.3d at 34. The phrase "or other malfeasance" extends the bar on actions against the EEOC and EEO officers to Title VII claims against those parties.[7]

To illustrate this point, the Army cites *Harshaw v. Mnuchin*, 2017 WL 5972718 (E.D. Cal. Dec. 1, 2017). (Doc. 123, pp. 14-15). In *Harshaw*, the plaintiff "alleged that while interacting with certain of Defendant's employees (the 'EEO Personnel') concerning a prior employment discrimination suit, she was discriminated against by these employees." *Harshaw*, 2017 WL 5972718, *1. The plaintiff alleged "that the EEO Personnel's 'unethical behavior and misconduct was because of [the plaintiff's] race,' which she describes as 'Native American/African American.'" *Harshaw*, 2017 WL 5972718, *2. The United States District Court for the Eastern District of California dismissed the claim, explaining that in *Ward v. E.E.O.C.*, 719 F.2d 311 (9th Cir. 1983), the Ninth Circuit "held that Congress created neither an express [n]or implied cause of action against the EEOC by employees of third parties," and the bar:

> not only applies to cases involving allegations of negligence, but also to those concerning intentional discrimination and retaliation. *See Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (affirming the dismissal of a Title VII case against the EEOC for the agency's "alleged negligence, *fraud*, and *other impropriety* in processing a discrimination charge" the plaintiff filed against his employer); *Forbes v. Reno*, 893 F. Supp. 476, 481 (W.D. Pa. 1995), *aff'd*, 91 F.3d 123 (3d Cir. 1996) (dismissal on sovereign immunity grounds where the plaintiff

---

[7] In its supplemental motion to dismiss for lack of jurisdiction, the Army cited *Casellas* only for the proposition that "Title VII does not provide judicial review of the EEO process" based on allegations of "faulty processing." (Doc. 89, p. 5).

contended the defendant "conspired and fraudulently colluded" with his employer).

*Harshaw*, 2017 WL 5972718, at *2-3 (emphasis in *Harshaw*).[8]

Mr. Hawthorne's claim is much like the plaintiff's claim in *Harshaw*. As in *Harshaw*, Mr. Hawthorne filed a complaint with the defendant's Equal Employment Office. Dissatisfied with the handling of that complaint, Mr. Hawthorne, like the plaintiff in *Harshaw*, alleged that EEO personnel discriminated against him based on an unlawful characteristic (for Mr. Hawthorne, his sex). Because the weight of authority indicates that Congress did not intend to extend Title VII actions to claims for discrimination against EEO officers, Mr. Hawthorne's claim against Director Thompson fails as a matter of law. *See, e.g.*, *Gibson v. Missouri Pac. R. Co.*, 579 F.2d 890, 891 (5th Cir. 1978) ("Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. s 2000e-5 Et seq., confers no right of action against [the EEOC.]").[9]

---

[8] In its motion to dismiss, (Doc. 83), and supplemental motion to dismiss for lack of jurisdiction, (Doc. 89), the Army did not cite *Harshaw* for the proposition that "[c]ourts have consistently held that Title VII does not provide for judicial review of the EEO process," (Doc. 89, p. 5).

[9] The *Gibson* decision is binding precedent on district courts bound by decisions of the Eleventh Circuit Court of Appeals. *See Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (explaining that the Eleventh Circuit adopted as binding precedent decisions the former Fifth Circuit Court of Appeals issued before October 1, 1981).

## CONCLUSION

For the reasons discussed above, Court grants the Army's motion for summary judgment. By separate order, the Court will enter judgment for the Army on Mr. Hawthorne's Title VII claim.[10]

**DONE** and **ORDERED** this June 6, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[10] The Court denies Mr. Hawthorne's motion in limine, (Doc. 121), and Mr. Hawthorne's motion to compel, (Doc. 127), as moot. The Court denies Mr. Hawthorne's motion for sanctions because the Court finds that the Army did not file a "false defense" in its motion for summary judgment. (Doc. 135).